(13 App. Div. 114.)
### DELANEY v. YONKERS R. CO.

(Supreme Court, Appellate Division, Second Department. January 26, 1897.)

STREET RAILROADS—COLLISION WITH VEHICLE—EVIDENCE.

Negligence and contributory negligence are questions for the jury where plaintiff's stage was struck by defendant's electric car going in the opposite direction while the stage was being driven along the street-car track, the street on both sides of the track being impassable for a distance of 400 feet, and the driver first saw the car when he was in the middle of the obstructed section of the street, and the car was 600 or 800 feet away.

Appeal from trial term, Westchester county.

Action by Nicholas Delaney against the Yonkers Railroad Company to recover for damage to plaintiff's stage, horses, and harness by a collision with defendant's electric car. From a judgment entered on an order dismissing the complaint, made on the trial at the close of plaintiff's evidence, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Allen Taylor, for appellant.
John F. Brennan, for respondent.

WILLARD BARTLETT, J. This is an action of negligence, in which the plaintiff was nonsuited. It grows out of a collision which occurred on the 2d day of September, 1894, on the highway known as "Yonkers Avenue," connecting the cities of Yonkers and Mt. Vernon, between an electric trolley car belonging to the defendant and a two-horse truck belonging to the plaintiff, which was employed at the time as a stage for the conveyance of passengers. A contractor was engaged in repairing Yonkers avenue, in sections of 400 feet at a time, so that any particular section which he was at work upon was rendered impassable for teams except along the track of the defendant's railroad. The defendant's car was bound east, towards Mt. Vernon, and the plaintiff's stage was bound west, towards Yonkers. According to the testimony of the driver of the stage, after he had entered upon the section of the avenue then undergoing repair, and upon which, in the existing condition of things, there was no driveway except upon the railroad track, he perceived one of the defendant's cars coming towards him with great rapidity at a distance of from 600 to 800 feet. He stopped his team at once, but the car continued on its way, colliding with the horses and the vehicle to which they were attached with sufficient violence to throw down and injure the animals considerably, destroy the harness, and damage the stage itself to some extent. Just before the collision, and when the car was about 25 feet away, the driver of the stage stood up in his place, and motioned and shouted in vain to the motorman to stop. He accounted for waiting to do this until the car was so near by saying, in substance, that up to that time he expected the car to stop before striking his stage,—an expectation that was by no means unnatural, since his situation, according to the evidence, ought to have been observable by the motorman when the car was several hundred feet

43 N.Y.S.—15

away. The learned trial judge dismissed the complaint on the ground that the plaintiff's driver was guilty of contributory negligence "in not ascertaining whether he could pass over that 400 feet before a car would come along which had a right to pass over independent of him." In so doing the court assumed as matter of law that, if there was an approaching car in sight, no matter how far off, it was the duty of the driver of the stage to keep off the blockaded section of the avenue till the car had come over it. We are of the opinion that this view was erroneous. The driver testified that the collision occurred at about the middle of the blockaded section, and that he saw the car 600 or 800 feet ahead. These statements authorize the inference that the stage was upon the portion of the road which was undergoing repair before the driver saw the car at all, and that the motorman would have perceived the presence of the stage there if he had exercised reasonable care to keep a good lookout, and could readily have avoided running down the plaintiff's team. It is not necessary for the purposes of this appeal to determine what would have been the respective obligations of the plaintiff's driver and the defendant's motorman in regard to the right of way, if they had met without any collision in the middle of the blockaded section of Yonkers avenue. It is enough to say that the proof in this record indicates not only that the collision might have been avoided by the exercise of reasonable care on the part of the motorman, but that the driver was blameless in the matter; and hence, that the case should not have been taken away from the jury. A different view of the facts may be required when the evidence in behalf of the defendant is put in, but, as the case was presented at the trial term, the complaint ought not to have been dismissed.

Judgment reversed, and new trial granted, with costs to abide the event. All concur.