VIRGIE EDWARDS, as Administratrix of the Estate of ERVIN EDWARDS, Deceased, Plaintiff, *v.* SOPHKIRSH HOLDING CORP., Defendant and Third-Party Plaintiff-Respondent. FAIRBANKS FUEL CORP., Third-Party Defendant-Appellant.

First Department, May 6, 1952.

*Robert E. Curran* for appellant.

*Abraham Richmond* of counsel (*Norman Lustig,* attorney), for respondent.

*Per Curiam.* This is an appeal by the third-party defendant from an order denying its motion to dismiss the third-party complaint for insufficiency.

The complaint of the plaintiff against the defendant third-party plaintiff alleges negligence causing the death of plaintiff's intestate from electric shock while loading coal in the premises of defendant. The alleged negligence was maintenance of electric light wire, cord and sockets in a defective and dangerous condition. The third-party complaint alleges that plaintiff's intestate was an employee of the third-party defendant, and that the third-party defendant was in charge of the method and manner of delivery and storage of the coal in which plaintiff's intestate was engaged at the time of the accident, and gave instructions to its employees as to how the coal was to be stored, and instructed them in the use of certain liquids for the purpose of settling coal dust, and that plaintiff's intestate was acting in accordance with those instructions at the time of the accident. The third-party complaint further alleges that if plaintiff's intestate sustained the injuries alleged in the complaint, such injuries were occasioned either through the negligence of plaintiff's intestate or through the negligence of the third-party defendant, in failing to perform the terms and conditions of its agreement with the third-party plaintiff in the delivery and storage of the coal in a safe and proper manner; in requiring its employees to cause the coal to be piled and stored to an excessive height above the electric light socket and in causing its employees to spray the coal, knowing that the spray would come in contact with the electric wiring, sockets and fixtures; in failing to have adequate and proper supervision over the delivery and storage of the coal, thus causing and creating short circuits in the electric wire, sockets and other electrical fixtures in the storage room and causing the wiring to become defective — without any fault or negligence on the part of the third-party plaintiff.

The difficulty with these allegations in the third-party complaint is that the only theory on which the third-party plaintiff could be held liable to the plaintiff, would be failure to have exercised reasonable care in not anticipating that the third-party defendant would pile and store coal in this manner, which would constitute active negligence on the part of the third-party plaintiff and would render the third-party plaintiff and the third-party defendant joint tort-feasors. Under such circumstances there could be no indemnification under the doctrine of active and passive negligence.

Any doubt which might be entertained concerning this matter from the pleadings alone, is resolved by the bill of particulars. The third-party plaintiff served a bill of particulars

upon the third-party defendant, which incorporates the bill served by plaintiff. It specifies the negligence charged against the third-party plaintiff, as follows: "The cord and socket were defective. The cord was not insulated so as to prevent the deceased from getting electric shock as is more fully alleged in items '6' and '8' of the complaint." Paragraphs 6 and 8 of the main complaint contain no allegations of negligence on the part of the third-party defendant, which is not mentioned, but they charge the third-party plaintiff with active negligence in maintaining a defective cord and sockets where decedent was working when he was electrocuted. Plaintiff is thus limited by the bill of particulars to recovering on a factual basis which charges the third-party plaintiff with active negligence only; if those allegations are not sustained, there can be no recovery, but if they are proved to the satisfaction of the trier of the fact, there can be no indemnification of the third-party plaintiff as matter of law.

Plaintiff's complaint here is not predicated upon any responsibility of the owner of the premises apart from active negligence. This is not one of those cases where defendant could be found liable merely as a property owner or for what might be termed passive negligence and be entitled to claim over against a third party whose active negligence was solely responsible for an injury. Plaintiff's complaint alleges negligent maintenance of defective electrical installations and of a resulting dangerous condition. If plaintiff may recover against the defendant, the liability must be one which the defendant is not entitled to call upon the third-party defendant to assume.

Defendant must either be adjudged not liable at all or must bear the full burden of liability, since the third-party defendant cannot be liable to plaintiff due to the bar of the Workmen's Compensation Law even if they were joint tort-feasors. There is no ground or occasion for a claim over against the third-party defendant in the event of either success or failure in its defense.

The order appealed from should be reversed, with $20 costs and disbursements to appellant and judgment directed to be entered herein dismissing the third-party complaint, with costs.

PECK, P. J., COHN, VAN VOORHIS and HEFFERNAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to appellant, the motion granted, and judgment is directed to be entered dismissing the third-party complaint herein, with costs.