PETER INGRALDI, Plaintiff, *v.* DAVID CHAZEN, Doing Business as EAST RIVER SCRAP IRON & METAL CO., Defendant and Third-Party Plaintiff. NATIONAL FOUNDRY CO. OF NEW YORK, INC., Third-Party Defendant.

Supreme Court, Special Term, Queens County, May 27, 1954.

*Alexander & Ash* for third-party defendant.

*Bounds & Wourms* for defendant and third-party plaintiff.

*Sokolinsky & Kaplan* for plaintiff.

PETTE, J. Motion by the third-party defendant to dismiss the third-party complaint for legal insufficiency (Rules Civ. Prac., rule 106, subd. 4).

The plaintiff alleges in his complaint that while he was at the premises of his employer, the third-party defendant, in the course of such employment, he was injured by the defendant, his agents, servants and/or employees when they delivered to his employer scrap metal in a truck which they operated and controlled. More specifically plaintiff charges that in the course of such delivery '' the defendant, by his agents, servants and/or employees, were so careless and negligent that a piece or portion of said scrap metal was thrown or permitted to fall from the motor vehicle  *  *  *  making such delivery, striking the plaintiff herein.''

In the amended third-party complaint, defendant alleges that at the time the third-party defendant purchased the scrap metal, the latter agreed and undertook, by means of appliances and devices furnished by it and through its employees, to unload the same from the vehicle making the delivery; that at the time of the accident referred to in the complaint, it was the third-party defendant through its agents, servants and employees who was engaged in unloading the scrap metal from the vehicle making delivery thereof, by means of a device or appliance known as a magnetic crane, owned, operated, managed and controlled by said third-party defendant, and that the operator of the motor vehicle containing the scrap metal neither assisted nor participated in such unloading which was performed under the direction, supervision and control of the third-party defendant.

The foregoing allegations in the third-party complaint, rather than constituting a basis for judgment over spell out merely the defense to plaintiff's charges that the defendant was guilty of active negligence. This defense, if established, will preclude a recovery by the plaintiff and cannot form the basis for indemnity from the third-party defendant. (*Edwards* v. *Sophkirsh Holding Corp.*, 280 App. Div. 168, affd. 304 N. Y. 850; *Wolf* v. *La Rosa & Sons*, 272 App. Div. 932, affd. 298 N. Y. 597; *Kile* v. *Riefler Bros.*, 282 App. Div. 1000.)

The motion is, accordingly, granted. Submit order.