GORDON R. COFFEY, Plaintiff, *v.* FLOWER CITY CARTING & EXCAVATING Co., INC., Defendant and Third-Party Plaintiff-Respondent. UNITED STATES STEEL CORP. (AMERICAN BRIDGE DIVISION), Third-Party Defendant-Appellant.

Fourth Department, July 13, 1956.

*John C. Osborn* for appellant.

*Casper V. Baltensperger* for respondent.

*Per Curiam.* Plaintiff, an employee of the third-party defendant (American Bridge Division), was injured while unloading steel beams from a truck furnished by the defendant and third-party plaintiff (Flower City Carting Co.). The complaint charges Flower City with '' neglecting to warn this plaintiff of the manner in which said truck was maintained and loaded ''. That is the only specification of negligence which could possibly support the claim over. The third-party com-

plaint alleges that under a written contract between the original and third-party defendants, the sole responsibility of the former was to transport the steel in a proper truck operated by a competent driver, while American Bridge had complete charge and control of the work of loading and unloading. It is further alleged that "Flower City did not have any notice, actual or constructive, that the steel had not been properly loaded". If that defendant was under a duty to warn plaintiff "of the manner in which said truck was maintained and loaded", it was because a dangerous condition had been created. If that dangerous condition was created by Flower City, in the manner in which it maintained or loaded the truck, then that defendant would be guilty of active negligence in any event (cf. *Kennedy v. Bethlehem Steel Co.*, 282 App. Div. 1001). On the other hand, if the dangerous condition was created by American Bridge, then Flower City would be subject to no duty to warn, because it was allegedly out of control and had neither actual nor constructive notice of any improper loading (*Iacono v. Frank & Frank Contr. Co.*, 259 N. Y. 377, 381; *Gambella v. Johnson & Sons*, 285 App. Div. 580, 583; *Ruping v. Great Atlantic & Pacific Tea Co.*, 283 App. Div. 204). This case is governed by decisions that a claim over is insufficient in law where it contains allegations which if established would preclude liability on the part of the original defendant (*Kile v. Riefler Bros. Contrs.*, 282 App. Div. 1000; *Anderson v. Liberty Fast Frgt. Co.*, 285 App. Div. 44; *Ingraldi v. Chazen*, 205 Misc. 977). If as the third-party complaint alleges, Flower City had no control over the loading and unloading operations, did not participate therein, and had neither actual nor constructive notice of any improper loading, then that defendant cannot be held liable to the plaintiff, except for its own active negligence. There can be no vicarious liability, nor liability dependent upon status or the breach of a nondelegable duty.

The order should be reversed and the motion to dismiss the third-party complaint granted.

All concur, except BASTOW, J., who dissents and votes for affirmance. Present — McCURN, P. J., KIMBALL, WHEELER, WILLIAMS and BASTOW, JJ.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs.