LILLIAN BRAUN, Individually and as Administratrix of the Estate of EDWARD BRAUN, Deceased, et al., Plaintiffs, *v.* CITY OF NEW YORK et al., Defendants. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Plaintiff-Appellant, *v.* HATZEL & BUEHLER, INC., Third-Party Defendant-Respondent.

BERTHA LANDWER, Individually and as Administratrix of the Estate of HENRY LANDWER, Deceased, Plaintiff, *v.* CITY OF NEW YORK et al., Defendants. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Plaintiff-Appellant, *v.* HATZEL & BUEHLER, INC., Third-Party Defendant-Respondent.

First Department, November 27, 1962.

John M. Keegan of counsel (Raymond J. O'Connor with him on the brief), for appellant.

Harold Klein of counsel (Harry Schechter and Raymond C. Green with him on the brief; Joseph M. Soviero, attorney), for respondent.

BREITEL, J. P. These appeals involve the legal sufficiency of identical third-party complaints in two wrongful death actions. The issue turns on whether one of the original defendants, Consolidated Edison, could be held liable under the tort complaints for a breach of its duty to plaintiffs' decedents, for which it, in turn, could obtain indemnity from the third-party defendant, an electrical subcontractor, Hatzel & Buehler, for a breach of duty to it. Plaintiffs' decedents in the tort actions had been, at the time of their deaths, employees of Hatzel & Buehler.

Special Term dismissed the third-party indemnity complaints on the ground that Consolidated could be held liable only for its own " active or primary negligence ", and, in consequence, that it could not recover over for such liability from the subcontractor, Hatzel, whatever the basis for the latter's fault. The orders should be reversed and the motions to dismiss the third-party complaints denied.

Involved is a power plant purchased by Consolidated from the City of New York and the New York Transit Authority. Prior to the purchase the public agencies had planned and contracted for certain improvements to the plant. Prior to the accident in suit Consolidated took possession but subject to completion of the pre-existing improvement contracts. Among the pre-existing contracts was one to J. G. White to supervise the making of the improvements and another to Federal Pacific as general contractor to make the improvements. These are, with still others, defendants in the main tort actions. Hatzel was a subcontractor of Federal Pacific in the doing of certain electrical work.

Plaintiffs' decedents sustained injuries resulting in their deaths, when, as employees of Hatzel, the subcontractor, they were installing name plates and a safety lock handle in a switch box appurtenant to certain transformer equipment. While so engaged an explosion occurred, unexplained in the pleadings.

The specification of fault attributed to Consolidated in one of the tort complaints (which are not identical) is negligence "in the maintenance and operation of the aforesaid switch box, its various parts and appurtenances". In the other tort complaint it is alleged to be negligence "in the maintenance, inspection, installation, design, assembly, manufacture and operation of the aforesaid transformer and its various parts and appurtenances, and in installing, maintaining and operating improper, insufficient and defective equipment."

Such general allegations of fault fail to make clear the character or quality of the wrongdoing attributed to Consolidated. To be sure, the allegations include many varieties of fault for which, if Consolidated is guilty of them, it is unlikely that it will be able to shift the liability to another. These may be affirmative acts or acts of omission (*Colon* v. *Board of Educ. of City of N. Y.*, 11 N Y 2d 446, 451; *Bush Term. Bldgs. Co.* v. *Luckenbach S. S. Co.*, 9 N Y 2d 426, 430). But it is also true that the allegations are so general as to include varieties of fault for which Consolidated reasonably might be able to shift the liability (e.g., allegations in relation to "supervision", and perhaps "maintenance" and "inspection"). These allegations may include the violation of duties Consolidated (or the general contractor) delegated to the subcontractor or otherwise had the right to expect the subcontractor to perform, and which, if performed, would have prevented the accident. (See *Colon* v. *Board of Educ. of City of N. Y., supra*; *Crawford* v. *Blitman Constr. Corp.*, 1 A D 2d 398.) That such delegation, reliance, or expectation would not free it of liability to plaintiffs on the ground of a nondelegable duty owed to decedents (e.g., of providing a safe place to work\*) is immaterial in determining the question of liability over (*Tipaldi* v. *Riverside Mem. Chapel*, 273 App. Div. 414, esp. 418–420, affd. 298 N. Y. 686).

The fact that J. G. White was the independent contractor for supervision in the making of the improvements is not of telling consequence. On the pleadings alone one still does not know which level of supervision was involved in the cause of the accident. Consolidated as owner in possession of the plant presumably had some control in some or all parts of the premises in which work was being done. So long as the barebone tort complaints tell one nothing of what caused the accident, the role of "supervision" and "maintenance" in the accident, in terms of actual conduct, is wholly undisclosed.

---

\* See *Casperson* v. *La Sala Bros.*, 253 N. Y. 491; *Wohlfron* v. *Brooklyn Edison Co.*, 238 App. Div. 463, affd. 263 N. Y. 547.

Even when a main or tort complaint describes the cause of an accident in some detail it is often difficult enough to determine, merely on the pleadings and in advance of trial, the final locus of responsibility for the accident. Assuredly, when the allegations in the tort complaint are as broad as here, to the point of being quite uninformative, it is impossible to fix such final locus.

It is interesting to note that the third-party or indemnity complaints here do narrow the area of accident causation. They, after alleging the usual preconditions to liability over, assert that the subcontractor, Hatzel, was at fault by "affirmative, primary and active negligence, carelessness and fault * * * in the negligent and careless manner in which the third party defendant directed, controlled, supervised and performed the job of installing and connecting the aforesaid transformer auxiliary equipment and the switch box attached thereto and in negligently removing the one key interlock and installing the two key interlock". But even this does not say how the explosion occurred or what was the precise act or omission or whose which triggered the accident.

Consequently, on these pleadings alone one cannot say that Consolidated may be held liable only for its own fault, or for fault fully contributory with another's, that is, *in pari delicto*, either as a matter of law (as in cases arising under section 241 of the Labor Law, e.g., *Semanchuck* v. *Fifth Ave. & 37th St. Corp.*, 290 N. Y. 412) or as a matter of fact (e.g., *O'Dowd* v. *American Sur. Co. of N. Y.*, 3 N Y 2d 347, 354). In short, in advance of trial or, at least, in advance of pretrial examinations, it cannot be determined whether Consolidated, if held liable, will be held for its exclusive or concurrent fault, as contrasted with either a vicarious responsibility or one only for the breach of a direct and persisting duty owed to plaintiffs' decedents but in the breach of which the subcontractor was the sole or substantially sole actor.

The existence of the problem arises simply from the fact that one may be liable to another, not for what one has actually done or not done, but because of a third party's failure for which one is or may be nevertheless responsible, as a master is for a servant, an automobile owner is for an operator, an owner of a building may be for a contractor, a supplier of goods may be for a subsupplier, and the like. While the third party may be the sole or the substantially sole actor, such fact alone does not always, depending on the facts and the relationship between the parties, disengage one from liability to the injured plaintiff. At the same time and for just the reason of the third party's actual fault there may be a claim over (*Crawford* v. *Blitman*

*Constr. Corp.,* 1 A D 2d 398, *supra*; cf. *Bush Term. Bldgs. Co.* v. *Luckenbach S. S. Co.,* 9 N Y 2d 426, 431–432, *supra*).

It is recognized that holding in a third-party defendant when there is no likelihood of a third-party plaintiff proving a claim for indemnity may be an injustice. On the other hand, a finding of likelihood or absence of such likelihood is rarely feasible on the pleadings alone. In this case it certainly is not, particularly because of the horizon-breadth of the fault allegations in the tort complaints.

Moreover, third-party complaints are entitled to a more liberal reading than others. The statute mandates it. Section 193-a of the Civil Practice Act provides that a defendant may plead over against one " who is or may be liable to him for all or part of the plaintiff's claim against him ". Hence, the mere possibility of a claim over sustains the sufficiency of the third-party pleading.[*]

In this case, and perhaps in similar cases, third-party defendant may have a more fruitful remedy in a motion for summary judgment under the expanded rule 113 of the Rules of Civil Practice.[**] Such a motion compels disclosure of the facts from which it may be easier to determine whether there is any possibility that the third-party plaintiff may be held liable for any act or omission for which, in turn, it may seek indemnity from the third-party defendant. Of course, such a procedure would be most useful after pretrial examinations in the main tort action. Until then, the pretrial development of the case may not be too helpful in resolving problems raised by third-party pleadings. The original plaintiffs are hardly concerned with the problems arising among defendants *inter se.* Of course, summary judgment would not often determine the validity of a claim over, but would be useful in clearing a third-party defendant when the third-party plaintiff cannot raise even an issue of fact as to the right to indemnity.

Accordingly, the orders granting motions to dismiss the third-party complaints should be reversed, on the law, with costs to third-party plaintiff-appellant against third-party defendant-respondent, and the motions denied.

STEVENS, EAGER, STEUER and BERGAN, JJ., concur.

Orders entered on October 17, 1961, unanimously reversed, on the law, with $20 costs and disbursements to third-party plaintiff-appellant against third-party defendant-respondent, and the motions to dismiss the third-party complaints denied.

[*] CPLR, § 1007, eff. Sept. 1, 1963, is to the same effect.
[**] Cf. CPLR, § 3212.