■ DOMENICK SCIVETTI, Plaintiff, v. NIAGARA MOHAWK POWER CORPORATION, Defendant and Third-Party Plaintiff-Respondent. LEE J. SHORT, Individually and Doing Business as STATE TOWER GARAGE, Third-Party Defendant-Appellant. (Action No. 1.) COMMERCIAL STRUCTURES, INC., Plaintiff, v. NIAGARA MOHAWK POWER CORPORATION, Defendant and Third-Party Plaintiff-Respondent. LEE J. SHORT, Individually and Doing Business as STATE TOWER GARAGE, Third-Party Defendant-Appellant. (Action No. 2.) — Order unanimously reversed, with costs, and motion to dismiss the third-party complaint granted. Memorandum: The original complaints in both actions allege that the damage was the result of an explosion which occurred by reason of the escape of natural gas supplied by respondent Power Corporation, the defendant third-party plaintiff. The latter then began a third-party action in each case against appellant Short, seeking recovery over against Short for any sums for which it might be held liable in the original actions. In both third-party complaints it is alleged that the explosion occurred by reason of the escape of gasoline from Short's tanks. This allegation amounts to a complete defense by the defendant third-party plaintiff to the original complaint, and, if established, would relieve it of any liability to the original plaintiffs (*Coffey* v. *Flower City Carting & Excavating Co.*, 2 A D 2d 191, 192, affd. 2 N Y 2d 898; *Kile* v. *Riefler Bros. Contractors*, 282 App. Div. 1000). Furthermore, the third-party complaint contains no allegation of active negligence on the part of Short. Under these circumstances there is no basis for his liability over to respondent third-party plaintiff (see *Putvin* v. *Buffalo Elec. Co.*, 5 N Y 2d 447, 456; *McFall* v. *Compagnie Maritime Belge*, 304 N. Y. 314, 329–330; *Schwartz* v. *Merola Bros. Constr. Co.*, 290 N. Y. 145). (Appeal from order of Onondaga Special Term denying motion to dismiss third-party complaints in negligence action.) Present — Goldman, P. J., Marsh, Witmer, Gabrielli and Henry, JJ.