(May 31, 1972)

■ ARBOUR HEIGHTS, INC., Plaintiff, v. RUDOLPH NORMAN, Defendant and Third-Party Plaintiff-Appellant. ANTHONY OLIVA, INC., Third-Party Defendant-Respondent.— Order unanimously affirmed, with costs. Memorandum: Special Term properly dismissed defendant's complaint against Oliva who is plaintiff's agent. Plaintiff is chargeable with the knowledge and conduct of his agent through whom he acted (*Koslovki* v. *International Heater Co.*, 75 App. Div. 60, affd. 178 N. Y. 631). ¶ Proof of Oliva's knowledge and conduct might defeat plaintiff's claim against defendant but could not subject Oliva to third-party liability to defendant. *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143) is not applicable. (Appeal from order of Onondaga Special Term dismissing third-party complaint in negligence action.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Moule, JJ.

■ SUZETTE D. DOBBIN, Respondent-Appellant, v. WILLIAM D. DOBBIN, Appellant-Respondent.— Order unanimously modified in accordance with memorandum and, as so modified, affirmed, without costs. Memorandum: As we stated in *De Gasper* v. *De Gasper* (31 A D 2d 886) " Appeals from orders granting temporary alimony are not favored, and it is suggested that generally in lieu thereof counsel should promptly proceed to trial (see Domestic Relations Law, § 249)". (See, also, *Frost* v. *Frost*, 38 A D 2d 786; *Malin* v. *Malin*, 37 A D 2d 841; *Goldstein* v. *Goldstein*, 35 A D 2d 777.) ¶ The decretal provision in the order pertaining to temporary alimony should be stricken if the issues herein are not moved for trial by the plaintiff at the beginning of the next trial term of court in Ontario County. (Appeals from order of Seneca Special Term granting temporary alimony and other relief.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.