DOUGLAS W. TAFT, JR., et al., Plaintiffs, v SHAFFER TRUCKING, INC., et al., Defendants.

CRAWFORD AND COMPANY, Third-Party Plaintiff-Appellant, v DORIS R. GORMAN, Third-Party Defendant-Respondent.

Fourth Department, May 21, 1976

*Davidson & Castellino (Samuel Castellino* of counsel), for third-party plaintiff-appellant.

*Cucci, Welch, Colicchio & Weinstein (Chester W. Welch* and *Roy E. Colicchio* of counsel), for third-party defendant-respondent.

MOULE, J. P. This case arises out of an automobile accident which occurred on April 24, 1970 near Lawrenceville, Pennsylvania. Plaintiffs were injured when their New York automobile was struck by a trailer truck operated by defendant Roy Jones and owned by defendant Shaffer Trucking, Inc., a foreign corporation with offices in Pennsylvania. At the time of the accident Shaffer was insured by defendant Cavalier Insurance Corporation (Cavalier). In order to safeguard its interests, Cavalier retained the services of defendant Seaboard Underwriters, Inc. (Seaboard) which in turn, hired defendant and third-party plaintiff Crawford and Co. (Crawford) as its New York representative.

Plaintiffs' complaint makes the following allegations. Shortly after the accident, Crawford contacted plaintiffs concerning a settlement of their claims. Subsequently, on May 11, 1970 plaintiffs' attorney, third-party defendant Doris Gorman, advised Crawford that she was representing plaintiffs with respect to this accident. Thereafter, frequent conversations were held between Crawford and Gorman concerning the extent of plaintiffs' injuries and their medical progress. Gorman informed Crawford that upon the completion of all medical examinations and evaluations, the final reports and the computation of the special damages would be submitted for settlement negotiations. During this period, Crawford did not deny defendants' liability.

Due to the extent of two of the plaintiffs' injuries and their necessarily protracted treatment, it was not until June, 1972 that Gorman notified Crawford that the final medical reports and specials had been prepared and that negotiations for settlement could, therefore, begin. Subsequently, on June 15, 1972 Crawford informed Gorman that the applicable two-year Pennsylvania Statute of Limitations had expired and that no settlement payment would be made to plaintiffs.

Gorman thereafter commenced an action on behalf of plaintiffs against all defendants for fraud and misrepresentation. Seeking damages in the sum of $220,000, the plaintiffs in their amended complaint alleged that the fraudulent statements and misrepresentations of defendants' agent, Crawford, lulled plaintiffs, through their attorney, into a false sense of security resulting in plaintiffs' failing to commence their personal injury action within the mandatory two-year period. Specifically, it was alleged that Crawford represented that it was authorized to handle the settlement negotiations regardless of the Statute of Limitations; that Crawford would complete the settlement upon receipt of the final medical reports; that Crawford did not inform plaintiffs that the Statute of Limitations was about to expire; that Crawford continued to negotiate with plaintiffs by requesting medical information far beyond the expiration date of the statute, and that Crawford never advised plaintiffs that defendants would rely upon the Statute of Limitations as a defense.

After service of an answer in which defendants alleged that the complaint failed to state a cause of action in fraud, Crawford commenced a third-party action against plaintiffs' attorney on August 26, 1974. In the third-party complaint Crawford alleged that plaintiffs' failure to commence timely the personal injury action was due solely to the negligence of their attorney "without any negligence, fraud or misrepresentation of the Third-Party Plaintiff [Crawford] contributing thereto." Crawford demanded dismissal of the complaint or, in the alternative, judgment against Gorman for all or part of any recovery obtained by plaintiffs.

On September 10, 1974 Gorman moved to dismiss the third-party action pursuant to CPLR 3211 (subd [a], par 7) and CPLR 1010 on the basis that it failed to state a cause of action. In a memorandum decision, the court granted this motion on the ground that, if Crawford were found liable for fraud, it could not hold Gorman liable "in that it cannot benefit itself through its own fraud and misrepresentation." Crawford appeals from this order.

CPLR 3026 provides that all pleadings shall be liberally construed and policy considerations against dismissing third-party actions require that such complaints be entitled to a more liberal reading than others (Braun v City of New York, 17 AD2d 264, 268). In view of this, the instant complaint may be read as seeking either indemnification or contribution.

Assuming, *arguendo,* that by this complaint Crawford merely sought indemnification against Gorman for any recovery by plaintiffs, the court properly dismissed it. Crawford has not alleged any type of a contract between it and Gorman which, if proven, would require such indemnity. It is well settled that such a cause of action must be based upon either an express or implied contract for indemnification *(McFall v Compagnie Maritime Belge,* 304 NY 314).

Nor has it validly stated a cause of action under the common-law theory of implied indemnity. Generally, a right of implied indemnification will arise in favor of one who is compelled to pay for another's wrong *(Margolin v New York Life Ins. Co.,* 32 NY2d 149, 152). In the instant case, however, if Crawford is found liable to plaintiffs on the basis of fraud and misrepresentation, its liability would be grounded in its own tortious conduct. Thus Crawford would be required to pay for its own wrong and not for any wrong or negligence on the part of plaintiffs' attorney.

A claim for contribution, on the other hand, arises "when two or more tort-feasors have shared, albeit in various degrees, in the responsibility by their conduct or omissions in causing an accident, in violation of the duties they respectively owed to the injured person" *(Rogers v Dorchester Assoc.,* 32 NY2d 553, 564). Under this theory we hold that Crawford's third-party complaint stated a valid cause of action.

In recent years the substance and application of the doctrine of contribution has undergone substantial revision. Under prior law a right of contribution existed only when a joint judgment had been recovered against the various defendants and one defendant had paid more than his pro rata share. Furthermore, strict pleading requirements prohibited tort-feasors, accused of active negligence, from impleading other tort-feasors who were also actively negligent. Thus, in most situations, plaintiff's choice of defendant was binding upon the parties. However, after the decision in *Dole v Dow Chem. Co.* (30 NY2d 143), this practice was radically altered. In that case the Court of Appeals effectively obliterated the distinction between active and passive negligence and permitted contribution on the basis of each tort-feasor's comparative responsibility for the injury. It also did away with the requirement that a joint judgment be obtained against the contributing tort-feasor.

As a necessary result of this decision, the statutory contribution provisions were revised and a new CPLR 1401 was enacted. That section provides that "two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought." The accompanying legislative report of the Judicial Conference made it clear that this section was not limited to contribution among joint tort-feasors, but was to include "concurrent", "successive and independent", "alternative" and "intentional" tort-feasors as well. The Judicial Conference further pointed out that "[i]t is the fact of liability to the same person for the same harm rather than the legal theory upon which tort liability is based which controls" (Twelfth Annual Report of NY Judicial Conference on CPLR [Twentieth Annual Report], pp 212-215).

In applying CPLR 1401 to the facts of this case, it is apparent that the third-party complaint should be sustained. There can be no question that both Crawford and Gorman owed a duty to the plaintiffs. Crawford was obligated to conduct its settlement negotiations in a fair and equitable manner without recourse to fraud or misrepresentation. Gorman, on the other hand, as plaintiffs' attorney, was required to safeguard the interests of her clients and to take whatever steps were necessary, regardless of the pendency of the settlement negotiations, to preserve their cause of action against the defendants. The mere fact that these duties are separate and distinct and may give rise to liability under different theories of law should not, in and of itself, serve to defeat Crawford's right to contribution (see generally, Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 1401, p 203). It is sufficient if each party's breach of its respective duty was in part responsible for the eventual harm to plaintiffs.

Although the evidence in this case is not disclosed in the record before us, it is not inconceivable that both Crawford and Gorman may be liable to plaintiffs, albeit in varying degrees and under different theories of law, for the statutory extinction of the personal injury claim. Upon presentation of the proof at trial, it may be established that, in spite of Crawford's fraudulent misrepresentations to plaintiffs with respect to the certainty of eventual settlement, Gorman was

concurrently negligent in failing to insure the preservation of the cause of action in the event of a breakdown in negotiations or defendants' refusal to settle.

Since a liberal reading of this third-party complaint discloses that it asserts a valid cause of action for contribution and that it presents factual questions as to the scope of Crawford's and Gorman's liability to plaintiffs, a dismissal at this stage of the proceedings was improper.

The order should be reversed and the third-party complaint reinstated.

SIMONS, J. (dissenting). It is clear that New York law now permits an apportionment of damages among culpable parties "regardless of the degree or nature of the concurring fault" *(Kelly v Long Is. Light. Co.,* 31 NY2d 25, 29; CPLR 1401 and cf CPLR 1411) and that the Legislature intended to permit contribution even in favor of an intentional wrongdoer, if the parties are subject to liability to plaintiff for damages for the same injury (see Twelfth Annual Report of NY Judicial Conference on CPLR [Twentieth Annual Report], pp 212-215; 2A Weinstein-Korn-Miller, NY Civ Prac, par 1401.12). Nevertheless, I would affirm Special Term because there is no way in which defendant Crawford & Co. may fail in its defense against plaintiffs' claim and also be entitled to recover from third-party defendant, Gorman.

If plaintiffs are to succeed, they must prove (among other things) that they (i.e., their attorney, see *Arbour Heights v Norman,* 39 AD2d 836) justifiably relied upon the misrepresentations of defendant Crawford & Co. (Prosser, Torts [4th ed], pp 685-686, 715-718) and that the fraud of defendant was the "proximate", "real, direct and immediate cause" of plaintiffs' injuries *(Deyo v Hudson,* 225 NY 602, 615).

A judgment based upon plaintiffs' justifiable reliance on an intentional misrepresentation of defendant's agents would necessarily foreclose any claim over against the third-party defendant attorney based upon her malpractice, for the attorney may not be guilty of negligence if she justifiably relied upon defendant's misrepresentations. The circumstances which must be proved before plaintiffs may recover against defendants and the circumstances which must be proved before third-party plaintiffs may recover against the third-party defendant are contradictory and mutually exclusive. A jury could not find defendants and third-party defendant both guilty of "culpable conduct".

The conduct of plaintiffs' attorney is a matter of defense to their cause of action. Defendant's third-party complaint is legally insufficient because it contains allegations which, if established, would preclude liability against it *(Coffey v Flower City Carting & Excavating Co.,* 2 AD2d 191, affd 2 NY2d 898; *Scivetti v Niagara Mohawk Power Corp.,* 33 AD2d 884; and cf *Lutz Feed Co. v Audet & Co.,* 72 Misc 2d 28).

CARDAMONE, MAHONEY and DILLON, JJ., concur with MOULE, J. P.; SIMONS, J., dissents and votes to affirm the order in an opinion.

Order reversed with costs and motion denied.