■ NORTH COLONIE CENTRAL SCHOOL DISTRICT, Plaintiff, v MACFARLAND CONSTRUCTION COMPANY, INC., et al., Defendants, and B. SHEBER & SONS, INC., Defendant and Third-Party Plaintiff-Respondent. HENRY R. BLATNER, Doing Business as BLATNER & WILLIAMS, Third-Party Defendant-Appellant. —Appeal from an order of the Supreme Court at Special Term, entered April 18, 1977 in Albany County, which denied a motion to dismiss the third-party complaint. North Colonie Central School District commenced this action on February 9, 1973, against B. Sheber & Sons, Inc. (hereafter Sheber), and others involved in the construction of the Shaker Junior High School, a unit of the plaintiff district. Sheber, the respondent on this appeal, held the contract for the roof work on the building. In the primary action it is alleged that roof leakage commenced in 1967 and has not been repaired by any of the defendants, and plaintiff seeks specific performance and damages. On November 12, 1976, Sheber began a third-party action against appellant Henry R. Blatner (hereafter Blatner), suing him individually and doing business as Blatner & Williams. Blatner, as plaintiff's architect, prepared the plans and specifications for the construction of the school

building. In its third-party action Sheber alleges that Blatner's negligence was the cause of Sheber's potential liability to the plaintiff and seeks judgment over against Blatner. This appeal ensued following the denial of Blatner's motion to dismiss the third-party complaint. The order of Special Term should be affirmed. Pleadings are entitled to a liberal construction and third-party complaints should withstand dismissal if there is any possibility of a recovery over (see *Taft v Shaffer Trucking,* 52 AD2d 255; *Braun v City of New York,* 17 AD2d 264). As we read it, Sheber's complaint is fairly open to an interpretation that, if it is liable to the plaintiff district, appellant shares some or all of the responsibility for the harm which has occurred. In other words, Sheber is not simply asserting that it followed plans and specifications to the letter, by reason of which it cannot be cast in damages to the plaintiff, but is further complaining that if its work was faulty, Blatner contributed to the situation. Appellant is correct in arguing that no right of implied indemnification would accrue to Sheber if it is found that the injury to plaintiff's building was entirely Sheber's fault, but that approach ignores the possibility that the potential liability of the third-party plaintiff may also be found to arise from the additional wrongdoing attributed to Blatner as the third-party complaint alleges (see *Margolin v New York Life Ins. Co.,* 32 NY2d 149). Plaintiff's complaint is far from being precise in identifying the theory under which the main action is proceeding, but it seems plain enough to us that contribution rules apply to the third-party action, even though the respective liabilities of appellant and respondent might rest on different grounds, because the same injury to plaintiff's property is involved in each instance (see CPLR 1401; *Taft v Shaffer Trucking, supra).* Order affirmed, without costs. Sweeney, J. P., Kane, Mikoll and Herlihy, JJ., concur; Main, J., dissents and votes to reverse in the following memorandum. Main, J. (dissenting). Intrinsic to the notion of impleader is the possibility that the third-party defendant may have to indemnify the third-party plaintiff for his liability to the plaintiff. Where, however, the allegations of the third-party complaint, when fairly read, indicate that the third-party plaintiff can in no way be liable to the plaintiff then he has no claim for indemnity and the third-party action should be dismissed (see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 1007:4, p 37). In the present instance, while I agree with the majority that the pleadings are entitled to a liberal construction, I do not agree that Sheber's complaint is open to an interpretation that Blatner merely shares some of the responsibility to plaintiff. It clearly asserts that Blatner is solely responsibile and specifically alleges that Sheber followed the plans and specifications prepared by Blatner and that *any* (emphasis supplied) damages sustained by the plaintiff were sustained by reason of the negligence of the third-party defendant in the design of the plans and specifications. Such language is certainly no concession of any responsibility on Sheber's part for the reason that, if Sheber has performed in accordance with the plans and specifications, as it specifically alleges, it cannot be held liable to plaintiff on account of the improper performance of Blatner in the preparation of said plans and specifications. Under such circumstances, the third-party complaint must be dismissed *(Carrols Equities Corp v Villnave,* 76 Misc 2d 205, affd 49 AD2d 672). Any fair reading of the pleadings leads inexorably to this same conclusion, particularly in view of the Practice Commentary cited above. Since the third-party complaint contains allegations which, if proven, would relieve Sheber of any liability to the original plaintiff, the complaint plainly is legally insufficient and a

dismissal thereof is required (cf. *Scivetti v Niagara Mohawk Power Corp.,* 33 AD2d 884). The order of Special Term should, accordingly, be reversed and the third-party complaint dismissed.