■ DALLAS & MAVIS FORWARDING CO., INC., Appellant, v GLEASON WORKS, Respondent. — Order modified, and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: Plaintiff, a motor freight carrier, brought suit against defendant, the shipper, for the damages resulting from the loss of two gear-cutting machines valued at a total of $243,000. The loss occurred while plaintiff's truck was transporting the machines from defendant to the consignee, Eaton Corp. The contract under which defendant sold the machinery to Eaton Corp. provided that Eaton Corp. would take title at the dock of defendant and that defendant would secure the load to a flatbed trailer provided by Eaton Corp. Defendant agreed to indemnify Eaton Corp. for all losses related to the contract. Eaton Corp. arranged for plaintiff to transport the shipment. After the loss, plaintiff settled with Eaton Corp. by paying the full amount of the claim and taking back from Eaton Corp. a general release and an assignment of its contractual rights against defendant, the shipper. Plaintiff as assignee of Eaton Corp. brought the instant action against defendant. Plaintiff appeals from Special Term's grant of summary judgment to defendant dismissing the complaint's second cause of action for breach by defendant of its contractual obligation properly to crate and secure the machines, and the third cause of action for indemnification pursuant to the contractual provision by which defendant agreed to indemnify Eaton Corp. Plaintiff does not appeal from the dismissal of its first cause of action. We reverse with respect to the third cause of action. We reject defendant's claim that subdivision (a) of section 15-108 of the General Obligations Law operates as a total bar to plaintiff's claim against it because of Eaton's settlement and receipt of 100% of the loss from plaintiff, one of two parties allegedly responsible for the loss. Subdivision (a) of section 15-108 of the General Obligations Law is a bar to plaintiff's action as assignee of Eaton Corp.'s claim for breach of contract against defendant for its failure properly to secure the load, inasmuch as the loss could be apportioned in accordance with the proportionate shares of fault of the

shipper and the carrier (see CPLR 1401; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1401:3, p 362; cf. *Taft v Shaffer Trucking,* 52 AD2d 255, app dsmd 42 NY2d 974), but it is not a bar to plaintiff's cause of action based solely on the indemnification agreement, which operated to shift the entire loss irrespective of the relative degrees of fault of the parties to the contract *(Rogers v Dorchester Assoc.,* 32 NY2d 553, 563-566; see *McDermott v City of New York,* 50 NY2d 211, 216, 217, 219, 220; *Riviello v Waldron,* 47 NY2d 297, 305-307; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 23A, General Obligations Law, § 15-108, p 719). Defendant is not deprived by operation of subdivision (b) of section 15-108 of the General Obligations Law of its right of recourse against plaintiff by way of a counterclaim pursuant to CPLR 1401, 1402 and 1403 to recoup such part of the loss as may be due to the fault of the plaintiff as carrier inasmuch as subdivision (b) of section 15-108 of the General Obligations Law does not apply (see *McDermott v City of New York, supra; Riviello v Waldron, supra).* All concur, except Doerr, J., who dissents and votes to affirm, in the following memorandum.

Doerr, J. (dissenting). The basis for plaintiff's third cause of action rests upon the indemnification agreement between defendant and Eaton Corp. This agreement provides that "Seller further agrees to indemnify and save Buyer harmless from any and all losses * * * related in any way to this contract, or the services performed or the goods delivered under this contract." The agreement to which plaintiff was not a party was one which indemnified Eaton Corp. against loss. Under such a contract an indemnitee cannot recover until he has suffered a loss (see 28 NY Jur, Indemnity, § 18). Eaton Corp. having been reimbursed in full, albeit by plaintiff, for all losses it incurred because of the accident, could not assert any contractual obligation against defendant. Consequently, its attempted assignment to plaintiff of its right of indemnification against defendant was worthless. Thus I concur with the result reached at Special Term and would affirm the order. I respectfully disagree with the majority that defendant has recourse against plaintiff by way of counterclaims. Plaintiff, one of two parties who may have been responsible to Eaton Corp., settled with Eaton. "The settling wrongdoer buys his peace and is not liable to anybody for contribution. The price of this peace is that the settling wrongdoer also surrenders his claim for contribution" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1401:2, p 361). (Appeal from order of Monroe Supreme Court — summary judgment.) Present — Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.