Order of the Supreme Court, Bronx County (Maresca, J.), entered March 2, 1984, dismissing the third-party complaints as against the third- and fourth-party defendant, Mangiatordi & Corpina, P. C., reversed, on the law, with costs, and the third- and fourth-party complaints reinstated.
Plaintiff was a passenger in an automobile on March 29, 1979 when it was involved in an accident with a motor vehicle owned by Donald Sabia. Plaintiff retained the firm of Mangiatordi & Corpina (M & C) to represent her. Sabia was insured by United Services Automobile Association (USAA). Upon notification of the accident, USAA employed Dahle Lassonde & Company, Inc. (Dahle) and Jack L. Hall to protect its interests. Negotiations ensued between M&C and Dahle and Hall as a result of which the matter was settled for $15,000, allegedly because Dahle and Hall represented to M&C that that was the limit of Sabia’s coverage. The complaint alleges that Sabia carried insurance with USAA in excess of $15,000 and seeks compensatory and punitive damages. Dahle and Hall and USAA interposed separate defenses. Each set forth a cross complaint against M&C asserting that M&C violated its duty of care to Corva by not independently verifying the policy limits in the policy of insurance issued by USAA and that, therefore, in the event of a recovery by Corva against the cross claimants, or any of them, those found liable to Corva will be entitled to indemnity or contribution from M&C.
M&C moved to dismiss the third- and fourth-party complaints. Special Term granted the motion. We reverse and *632 reinstate these complaints. “CPLR 3026 provides that all pleadings shall be liberally construed and policy considerations against dismissing third-party actions require that such complaints be entitled to a more liberal reading than others” (Taft v Shaffer Trucking, 52 AD2d 255, 257, citing Braun v City of New York, 17 AD2d 264, 268).
Paragraph 15 of the complaint alleges: “That the aforesaid representations were made with the knowledge that they were false, or there should have been knowledge that they were false; or were made with wanton, gross and reckless disregard as to whether they were true or false, with a pretense of knowledge when in fact there was no knowledge, without taking the necessary and proper steps to ascertain the truth of the said representations which were ascertainable and available all with knowledge that the plaintiff was relying and would act upon said representations”.
To the extent to which the cross complaints seek contribution from M & C on the theory that M & C’s violation of its duty of care to Corva contributed to the loss sustained, the cross complaints would appear to be legally sufficient. It is of course well established that New York law permits an apportionment of damages among culpable parties “regardless of the degree or nature of the concurring fault” (Kelly v Long Is. Light. Co., 32 NY2d 25, 29; CPLR 1401) and that contribution is permitted even in favor of an intentional wrongdoer if the parties are subject to liability to plaintiff for damages for the same injury. (See, 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 1401.12.)
In dismissing the cross complaints, Special Term, relying upon the dissenting opinion in Taft v Shaffer Trucking (52 AD2d 255, 260, supra), concluded that plaintiff could succeed in its main action only on showing that M & C had justifiably relied upon the misrepresentation alleged and that such a finding would be inconsistent with a determination that M & C had violated its duty of care to its client by not independently verifying the policy limits. The flaw in this analysis lies in the erroneous assumption that the standard for determining justifiable reliance in an action for fraud and misrepresentation is identical with the standard of reasonable care in a negligence or malpractice action. The standards are in fact quite different.
In discussing the requirement of justifiable reliance in a misrepresentation case, a leading authority observed: “The plaintiff’s conduct must not be so utterly unreasonable, in light of the information open to him, that the law may properly say that his loss is his own responsibility * * * If he is a person of normal intelligence, experience and education, he may not put *633 faith in representations which any such normal person would recognize at once as preposterous, as, for example, that glasses, once fitted, will alter shape and adapt themselves to the eye, or which are shown by facts within his observation to be so patently and obviously false that he must have closed his eyes to avoid discovery of the truth” (Prosser, Torts, at 715-16 [4th ed]).
The standard of reasonable care in negligence or malpractice actions is obviously quite different, and it is clearly theoretically possible that M & C could have justifiably relied on the alleged misrepresentations for purposes of the plaintiff’s action and still have been at fault in failing independently to inquire into the policy limits.
In the foregoing observations we of course intimate no opinion as to the merits of the cross complaints. There is obviously something unappealing in the notion that someone who has deceived another should be entitled to contribution for the damage caused by the deception because the deceived person had imprudently relied on the truthfulness of the representation. All we decide here is that the cross complaints may not be dismissed as a matter of law. Concur — Sandler, J. P., Carro, Bloom and Kassal, JJ.