■ GLORIA HARRISON, Plaintiff, v GOLDEN TREE HOMES INC. et al., Defendants, and CHEMICAL BANK, Defendant and Third-Party Plaintiff-Respondent. ROBERT R. SOLOMON et al., Third-Party Defendants-Appellants. [608 NYS2d 63] —Order, Supreme Court, New York County (Carol E. Huff, J.), entered on or about June 26, 1992, which denied the motion and cross motion of third-party defendants to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7), unanimously affirmed, with costs.

On a motion to dismiss for failure to state a cause of action, "all pleadings shall be liberally construed and policy considerations against dismissing third-party actions require that such complaints be entitled to a more liberal reading than others" *(Taft v Shaffer Trucking,* 52 AD2d 255, 257). The court properly refused to dismiss the claims of the third-party plaintiff for contribution and indemnification pursuant to CPLR 1401 based upon viable allegations of legal malpractice *(see, Grago v Robertson,* 49 AD2d 645, 646). Contrary to third-party defendants' contention that the forgery of the deposit checks by the seller in this real estate transaction was a superceding unforeseeable criminal act, we find that the third-party complaint sufficiently alleges that third-party defendant allowed plaintiff to deliver the checks to the seller's principal, who was admittedly described by third-party defendant Barbara Solomon as "sleazy" and then failed to follow up to ascertain that they were deposited with the escrow agent, contributing to the loss *(see, Fireman's Fund Ins. Co. v Bank of N. Y.,* 146 AD2d 95, 98). Nor would third-party plaintiff's negligence necessarily bar it from seeking indemnity from a co-tortfeasor where the duties owed to plaintiff by the third-party defendant causing the injury may be disproportionate *(see, Mas v Two Bridges Assocs.,* 75 NY2d 680, 690), especially where the third-party plaintiff's liability may be based purely on a statutory violation. Concur—Sullivan, J. P., Wallach, Asch and Nardelli, JJ.