■ REGENCY SAVINGS BANK, Plaintiff, v NORMAN BRODSKY, Defendant and Third-Party Plaintiff, et al., Third-Party Defendants. MINTZ & FRAADE, P. C., Formerly Known as MINTZ, FRAADE & ZEIGER, et al., Third-Party Defendants and Fourth-Party Plaintiffs-Respondents, v HARVEY HABER, Fourth-Party Defendant-Appellant, et al., Fourth-Party Defendants. REGENCY SAVINGS BANK, Plaintiff, v NORMAN BRODSKY, Defendant and Third-Party Plaintiff, et al., Third-Party Defendants. MINTZ & FRAADE, P. C., Formerly Known as MINTZ, FRAADE & ZEIGER, et al., Third-Party Defendants and Fourth-Party Plaintiffs-Respondents, v NORMAN LEBEN, Fourth-Party Defendant-Appellant, et al., Fourth-Party Defendants. [633 NYS2d 38] —Orders, Supreme Court, New York County (Carol Arber, J.), entered on or about January 18, 1994 and September 1, 1994, which, *inter alia*, respectively, denied fourth-party defendant-appellant Leben's motion to dismiss the fourth-party complaint as against him for failure to state a cause of action, and which upon reargument reinstated the fourth-party complaint against fourth-party defendant-appellant Harvey Haber, unanimously affirmed, with costs.

While the fourth-party plaintiffs may not seek indemnification for the fraud, misrepresentation, and failure to exercise due diligence alleged in the third-party complaint (*Glaser v Fortunoff of Westbury Corp.*, 71 NY2d 643, 646-647), we sustain the fourth-party complaint as against appellants since the fifth and sixth causes of action thereof, liberally construed, are sufficient to state causes of action for contribution (*see, Taft v Shaffer Trucking*, 52 AD2d 255; *Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.*, 109 AD2d 449). Concur—Rosenberger, J. P., Rubin, Kupferman and Williams, JJ.