KARAN A. MCMAHON et al., Plaintiffs, v ELLA M. BUTLER, Individually and as Administratrix of the Estate of CLARK E. BUTLER, Deceased, Defendant and Third-Party Plaintiff-Appellant. RALPH A. KOCIK, Third-Party Defendant-Appellant; EDWARD T. VOLLACK, Third-Party Defendant-Respondent.

Third Department, March 27, 1980

### APPEARANCES OF COUNSEL

*Smyk & Smyk (Stephen D. Smyk* of counsel), for third-party defendant-appellant.

*Levene, Gouldin & Thompson (Gregory A. Gates* and *David M. Goulden* of counsel), for third-party plaintiff-appellant.

*Hinman, Howard & Kattell (Martin F. Holleran, Jr.,* of counsel), for third-party defendant-respondent.

### OPINION OF THE COURT

SWEENEY, J.

The primary action and the third-party action arise out of an automobile accident. Plaintiff was riding as a passenger in the automobile of third-party defendant-respondent Vollack (Vollack), which vehicle was involved in an accident with the automobiles of third-party plaintiff-appellant Butler (Butler) and third-party defendant-appellant Kocik (Kocik). Plaintiff was pushed forward on impact and injured her left knee when it struck the glove compartment. The Vollack vehicle was not equipped with seat belts. Butler served a third-party complaint and Kocik a cross claim on Vollack seeking contribution in the event damages are awarded against them. Both contend that section 383 of the Vehicle and Traffic Law places a statutory duty on the owner of an automobile to provide seat belts for the use of occupants of that vehicle.

Special Term held that the absence of seat belts was not the proximate cause of the accident as a matter of law and dismissed the third-party complaint and the cross claim and granted summary judgment in favor of Vollack. These appeals ensued.

Both the third-party complaint and the cross claim assert that Vollack was negligent in failing to equip his car with seat belts which contributed to plaintiff's injury. A claim for contribution lies where two or more persons are liable for the same personal injury (CPLR 1401). Such contribution is not limited to joint tort-feasors, but includes "concurrent", "successive and independent", "alternative" and "intentional" tort-feasors as well *(Taft v Shaffer Trucking,* 52 AD2d 255, 259, app dsmd 42 NY2d 974; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1401:3, pp 362-363).

A seat belt, by its very nature, is designed to prevent

"second collision" injuries and has been effective in doing so *(Spier v Barker,* 35 NY2d 444, 452). Here, from plaintiff's description of the accident, it is plausible to infer that, had a seat belt been present in the vehicle, plaintiff would have worn it, and her injury may have been prevented or lessened. Under such circumstances, a question of fact is raised as to whether the failure to have a seat belt contributed to plaintiff's injury. Assuming there was a duty on the part of Vollack to have seat belts in his vehicle and that failure was a proximate cause of the injury sustained by plaintiff, then he would be liable and subject to contribution *(Bolm v Triumph Corp.,* 33 NY2d 151).

We now pass to the critical issue of whether there was such a duty on the part of Vollack to have his vehicle equipped with seat belts pursuant to section 383 of the Vehicle and Traffic Law. This section was amended in 1968 (L 1968, ch 86) and, as amended, reads as follows: "Safety belts required. No motor vehicle shall be sold or registered in this state and *no motor vehicle registered in this state shall be operated* in this state unless such vehicle is equipped with safety belts approved by and conforming to standards established by the commissioner". (CPLR 383, subd 1; emphasis added.) To resolve the issue it is necessary to determine the intent of the Legislature, and to ascertain that intent it is helpful to examine the statute prior to the amendment. It formerly read, in part, as follows: "Every motor vehicle registered in this state and manufactured or assembled after June thirtieth, nineteen hundred sixty-four and designated as a 1965 model, shall be equipped with at least two sets of seat safety belts for the front seat of the motor vehicle." (L 1962, ch 759.)

A careful reading of these two statutes clearly demonstrates that it was the intent of the Legislature, by the 1968 amendment, to make it unlawful to operate a vehicle on any public highway unless the vehicle was equipped with seat belts. Such restriction did not appear in the former statute. By such a change, it must be assumed that the Legislature intended a material change in the law (McKinney's Cons Laws of NY, Book 1, Statutes, § 193, subd a). A violation by Vollack constituted negligence as a matter of law (see *Tedla v Ellman,* 280 NY 124). A question of fact for the jury remains, however, as to whether this violation was the proximate cause of plaintiff's injury. Consequently, summary judgment was improperly granted and there must be reversal.

The order should be reversed, on the law, with costs, and the motion denied.

GREENBLOTT, J. P., MAIN, MIKOLL and HERLIHY, JJ., concur.

Order reversed, on the law, with costs, and motion denied.