■ VIVIAN G. SCHAUER, Plaintiff, v PATRICK J. JOYCE et al., Defendants and Third-Party Plaintiffs-Appellants, and THOMAS W. GENT, JR., et al., Third-Party Defendants-Respondents.—Appeal (1) from an order of the Supreme Court at Special Term, entered January 14, 1980 in Chenango County, which granted a motion by the third-party defendant to dismiss the third-party complaint, and (2) from the judgment entered thereon. Vivian Schauer (plaintiff in main action) retained the services of attorney Joyce (defendant third-party plaintiff) in November, 1975 for the prosecution of a matrimonial action. In December, 1975 attorney Joyce successfully obtained an order granting Schauer $200 per week temporary alimony and shortly thereafter obtained a default judgment of divorce. No moneys were collected under this decree. Subsequently, plaintiff's former husband, who had been residing in Michigan during the divorce proceeding and thereafter, obtained an order in Supreme Court at Special Term pursuant to CPLR 5015 vacating that part of the decree awarding alimony and support, counsel fees and possession of the marital residence and its furnishings. The divorce was allowed to stand. Special Term then transferred all such alimony, support and counsel fee matters to the Family Court of Delaware County. Plaintiff thereafter retained attorney Gent to represent her in the matrimonial action in place of attorney Joyce. In January, 1978 the plaintiff commenced this action against Joyce for malpractice. Joyce then instituted the third-party action against Gent alleging he negligently acted in representing plaintiff as to the matrimonial action and seeking contribution as to damages which may be payable to plaintiff (see *Dole v Dow Chem. Co., 30 NY2d 143)*. Special Term dismissed the third-party complaint for failure to state a cause of action after thoroughly considering the question of whether or not there was any way whereby Gent could have caused damages otherwise payable by Joyce. We find no error in that dismissal. The independent action or inaction of the third-party defendant-respondent Gent could not in any way aggravate the damages payable by Joyce to plaintiff or be an injury to plaintiff the same as that caused by Joyce. The extent to which plaintiff either personally or through her agent Gent failed to mitigate damages is a matter of defense. Indeed, Gent had no duty to the plaintiff or to Joyce at the time plaintiff's cause of action accrued and the injury to plaintiff was then complete. The point is that Gent

is not a person who may be liable for damages for the same wrong to the rights of the plaintiff as is Joyce. Unlike the situation in *Taft v Shaffer Trucking* (52 AD2d 255, app dsmd 42 NY2d 974), Gent has not in any way contributed to the plaintiff's injury by his conduct related to the plaintiff's divorce decree and its provisions for alimony and support as well as counsel fees. There is nothing alleged to show a duty on the part of Gent to have reinstated the vacated provisions of the divorce decree or to have secured the payment of alimony and support on a *nunc pro tunc* basis (cf. *McMahon v Butler*, 73 AD2d 197; *North Colonie Cent. School Dist. v MacFarland Constr. Co.*, 60 AD2d 685). As found by Special Term, there is nothing upon which one could premise a responsibility of Gent for the injuries sustained by plaintiff either in whole or in part. This is not the type of action for the invocation of the doctrine enunciated in *Dole v Dow Chem. Co. (supra)*. Order and judgment affirmed, with costs. Sweeney, J. P., Main and Herlihy, JJ., concur.

Mikoll and Casey, JJ., dissent and vote to reverse in separate memoranda. Mikoll, J. (dissenting). I respectfully dissent. In my view, the order of Special Term and the judgment entered thereon should be reversed and the complaint reinstated. The thrust of the third-party complaint is that injury allegedly sustained by plaintiff Schauer (i.e., loss of past and future alimony and support and payment of legal fees) was contributed to, in whole or in part, by the negligence of attorney Gent in failing to initiate "instant action" once having been retained by Schauer. CPLR 1401 *et seq.*, representing the codification of the landmark decision of *Dole v Dow Chem. Co.* (30 NY2d 143), permits contribution between two or more persons who may be liable for damages for the same personal injury *(McMahon v Butler*, 73 AD2d 197, 198; *Lippes v Atlantic Bank of N. Y.*, 69 AD2d 127, 136; *Taft v Shaffer Trucking*, 52 AD2d 255, app dsmd 42 NY2d 974). Such contribution claims are not limited to joint tort-feasors, but include "concurrent", "successive and independent", "alternative" and "intentional" tort-feasors as well *(McMahon v Butler, supra)*. A cause of action sounding in contribution is set out in attorney Joyce's third-party complaint. Under *Dole v Dow Chem. Co. (supra)*, and its subsequent codification, it is not necessary to allege that the third-party defendant owed a duty in negligence to the third-party plaintiff. It is enough that both attorneys may be liable to Schauer for her loss of alimony and support payments and for the payment of new or increased legal fees as a result of the negligent handling of her matrimonial action.

Casey, J. (dissenting). I am in agreement with Justice Mikoll's dissent, based upon the following analysis. In her complaint in this action, plaintiff seeks to recover from defendant Joyce "damages consisting of lost alimony and support * * * of which she continues to be so deprived in part and will so continue in the future". Her bill of particulars describes a portion of her damages as "lost alimony to 7/21/78—$22,575.00, and continuing at the rate of $75.00 per week thereafter". The attorney-client relationship between plaintiff and defendant Joyce terminated around April 22, 1977, when plaintiff retained third-party defendant Gent. Thus, it is readily apparent that plaintiff is seeking to recover damages for a period of time after defendant Joyce's services had been terminated. During this period, or a portion of it, the third-party defendant Gent

was plaintiff's attorney, and Joyce argues that as result of Gent's mishandling of the case, the alimony lost by plaintiff was greater than it would have been had Gent acted with reasonable care and diligence. Pursuant to CPLR 1401, a claim for contribution lies where "two or more persons * * * are subject to liability * * * for the same * * * injury". The injury for which plaintiff seeks redress includes lost alimony, past and future. If, as a result of defendant Joyce's negligent conduct, plaintiff did not receive the alimony to which she was entitled, then certainly defendant Joyce is liable for the injury. Similarly, if as a result of third-party defendant Gent's negligent conduct, there was a delay in obtaining alimony for plaintiff or a failure to obtain retroactive alimony, then Gent is liable to plaintiff for that injury. Thus, there exists the required identity of injuries, at least in part. In order for third-party defendant Gent to avoid contribution, "there must be (a) two separate injuries with the second not necessarily resulting from the first, and (b) an ability to delimit the injuries caused by the subsequent tort-feasor" (Wiseman v 374 Realty Corp., 54 AD2d 119, 122). These factors are not present here. In my view, this case is no different than that involving two physicians or hospitals where the malpractice of the second aggravates an injury caused by the malpractice of the first. As explained in Zillman v Meadowbrook Hosp. Co. (45 AD2d 267, 270), "as to the plaintiffs, Meadowbrook [the first hospital] would be liable for all damages which flowed from its negligence, including any aggravation of the condition by Mid-Island as a subsequent tort-feasor, but the latter would be liable to the plaintiffs only for the aggravation caused by its own conduct." Here, the essence of defendant Joyce's third-party complaint is that third-party defendant Gent aggravated the injuries caused by defendant Joyce. Defendant Joyce is liable for the injuries, including the aggravated injury (see Derby v Prewitt, 12 NY2d 100, 105-106), but should be able to seek contribution from Gent to the extent that plaintiff's injuries were aggravated by Gent (see Musco v Conte, 22 AD2d 121). Of course, if plaintiff had opted to sue only Gent, no claim for contribution would lie against Joyce, since Gent, as the subsequent tort-feasor, would be liable to plaintiff only for the aggravation to her injury (Zillman v Meadowbrook Hosp. Co., supra; Ruge v Arden Hill Hosp., 83 Misc 2d 109). In sum, a portion of the injuries for which defendant Joyce may be held liable to plaintiff was allegedly caused by Gent's malpractice, and, therefore, the third-party complaint states a viable claim of contribution. This is particularly so in light of the liberalized view of contribution recently taken by courts of this State (e.g., Nassau Roofing & Sheet Metal Co. v Celotex Corp., 74 AD2d 679, 681; McMahon v Butler, 73 AD2d 197; Taft v Shaffer Trucking, 52 AD2d 255, app dsmd 42 NY2d 974).