OPINION OF THE COURT
Julian F. Kubiniec, J.
In this nonjury action, plaintiff sues defendant for damages for defendant’s negligent performance as a real estate broker in his representation of plaintiff. Plaintiff retained defendant to sell his commercial building. Thereafter, Lange offered to purchase the building and defendant submitted this offer to plaintiff for his acceptance. The purchase offer indicated that defendant received a $100 deposit from Lange at the time that he made his offer. The contract further required Lange to pay additional deposit money of $1,900. Plaintiff accepted Lange’s offer by affixing his signature to the contract without being told by *555 defendant that the initial $100 deposit had not been collected by him, nor did he reveal to plaintiff that during the next two weeks, after repeated requests, he was unable to collect the initial deposit or the additional $1,900 which was to be paid upon plaintiff’s acceptance of the offer.
Two weeks later, Lange requested, through the defendant, plaintiff’s consent to a material amendment of the contract, and for the first time, presented his $100 deposit for acceptance. Plaintiff refused, insisting that the original contract stand unaltered. At about this time, defendant revealed to plaintiff that he had not collected for plaintiff’s benefit, as required by the contract, the initial and additional deposits.
After some additional discussions with Lange and his attorney, plaintiff and defendant decided that Lange was playing “games” and that since Lange was attempting to negotiate a new contract which plaintiff would not agree to, plaintiff pressed defendant to search for new buyers.
In short order, Bohlen appeared on the scene willing to purchase at the same price. Defendant prepared a purchase offer for the signature of .buyer and seller. Plaintiff now expressed concern about entering into this contract and the impact it may have upon his right and ability to sell and transfer title to Bohlen. Defendant volunteered to consult his attorney at this point. The testimony of plaintiff, defendant, and Bohlen indicated that defendant’s attorney was either present with them or in an adjoining office since the attorney’s opinion was apparently heard by either plaintiff or Bohlen or both. At any rate, defendant told plaintiff that his attorney felt the Lange contract was invalid based on Lange’s failure to pay the deposit money as required by the terms of the contract and that this was a sufficient basis for its cancellation. Acting on this advice, plaintiff accepted Bohlen’s offer by affixing his signature to the contract. Defendant, thereupon, returned the $100 deposit to Lange and informed him that his contract was canceled and that the property was sold to someone else.
Arrangements to transfer title to Bohlen were abruptly halted when Lange filed a lis pendens and commenced suit against plaintiff for specific performance. Supreme Court *556 held in favor of plaintiff. A further delay ensued because of Lange’s appeal which was eventually dismissed by the Appellate Division. The delay caused by these lawsuits set back the transfer of title to Bohlen by about 16 months.
In this case of first impression, plaintiff herein sues defendant for all of his damages which resulted from the long delay in closing out the sale to Bohlen, based on defendant’s careless and negligent representation of him as his agent. Specifically, plaintiff contends defendant, as agent, breached his duties to plaintiff, his principal, in failing to disclose that he had not collected the deposit moneys, thereby, inducing plaintiff to enter into a potentially void or voidable contract and that as events turned out, this dereliction of duty was negligence and the proximate cause of the long delay in finally transferring title of the premises and the resultant monetary expenses sustained by plaintiff in having to maintain the building for approximately 16 months. Plaintiff further contends defendant was negligent in failing to obtain a release from Lange; in failing to give Lange a reasonable warning in writing; in failing to advise plaintiff and Bohlen that Lange might sue under his contract; in failing to advise plaintiff to consult with an attorney before entering into the Bohlen contract.
Plaintiff’s second cause of action for punitive damages alleges that, in effect, defendant dispensed legal advice and, as a fiduciary, misrepresented material facts to his principal.
The general rule applicable to real estate brokers is that he is under a duty to exercise that degree of diligence, judgment, care, and skill ordinarily used by persons of common capacity engaged in the same business. Failing in that duty, the broker is answerable to his principal for consequential damages flowing from his handling of the matter. (Hiller v Lips Realty, 102 Misc 2d 367.) More specifically, this rule places a broker under a legal obligation to make a full, fair and prompt disclosure to his employer of all material facts within his knowledge which might affect his principal’s rights and liabilities or influence his actions in relation to the subject matter. A failure to so disclose can result in the agent being held liable for *557 any resultant loss sustained by his principal. (See 12 Am Jur, Brokers, §§ 89, 90.)
 The facts in this case clearly indicate that defendant was initially negligent. He failed to make a timely disclosure to his principal at the time of presentation of Lange’s purchase offer that Lange had not, upon signing the instrument, tendered his initial $100 deposit, whereas, the instrument as presented to plaintiff by his agent, contained defendant’s signed acknowledgment that he had, in fact, received the said initial deposit. Since all the terms of the written offer were satisfactory to plaintiff, he accepted this offer. Had the agent made a disclosure to his principal of this material fact, plaintiff, of course, would have had a choice of action open to him, the most appropriate one being rejection of the offer unless all terms of the offer were finally met. Also, plaintiff, rather than having the choice of voluntarily entering into a void or voidable transaction, was led into it by the negligent conduct of his agent. This negligence was further compounded by defendant’s failure to disclose, after acceptance of the offer by plaintiff, that he was unable to obtain the additional (and substantial) deposit due on plaintiff’s acceptance. The buyer’s withholding of this money gave him the courage to thereafter attempt to renegotiate by submitting an amended offer with a substantial change. Defendant’s negligent conduct was the direct cause of the collapse of this transaction and set in motion the chain of events that followed. Defendant is guilty of negligence and is found liable to plaintiff for the resulting damages.
This case, on its facts, raises an additional question. Was the plaintiff contributorily negligent by his conduct which would ameliorate the full burden of damages in which defendant is cast? There is good authority for the proposition that contributory negligence and comparative negligence can be properly employed in cases other than personal injury, property damage, strict liability, and breach of warranty cases. (See Lippes v Atlantic Bank of N. Y., 69 AD2d 127; Schauer v Joyce, 79 AD2d 826; Salem v DeWitt-Jenkins Realty Co., 65 Ohio L Abs 1; Munford v Miller, 7 Ill. App 62.)
*558 The court, in Lippes v Atlantic Bank of N. Y. (supra, p 137) dealt at length with the “injury to property” concept and found that not only the recent legislative intent in CPLR 1411 “was to release the concept of damage apportionment from the parochial confines of accident cases and to broaden its application flexibly ‘to reach any breach of legal duty or fault’”, but, also cited a number of cases finding “injury to property” in corporate waste and mismanagement; illegal transfers of corporate property; inducing a breach of contract; and, improperly filing a mechanics lien (pp 140-141). Plaintiff’s cause of action is based on the negligent performance of a duty owed by an agent to his principal which resulted in injury to his property by causing the principal to bear additional expenses which would not have occurred but for the agent’s negligent conduct. It is, therefore, appropriate under the facts as found, to apportion the evident nature of plaintiff’s negligence.
Although defendant failed to plead contributory negligence as an affirmative defense, CPLR 3025 (subd [c]) grants a court discretion to permit amendment of pleadings before or after judgment, and, a court may conform the pleadings to the proof (Diemer v Diemer, 8 NY2d 206), and may do so sua sponte even on cases on appeal (Harbor Assoc. v Asheroff, 35 AD2d 667). In the absence of any objections by plaintiff to the testimony from which negligence can be inferred, and, this court’s view that plaintiff was not in any way prejudiced by defendant’s failure to affirmatively plead contributory negligence, this court sua sponte, amends defendant’s answer to assert the affirmative defense of culpable conduct as set forth in CPLR 1412. The court is entitled and obliged to take judicial notice of the law involved in this particular case.
The defendant real estate broker by virtue of his contract with plaintiff was obligated to exercise reasonable care and skill in the performance of his contract, that is, to produce a purchaser willing to contract with defendant upon the terms as specified by plaintiff. The defendant fulfilled this duty by negotiating a sale of the premises upon plaintiff’s terms but negligently performed this duty when he failed to disclose material information to his principal regarding *559 the buyer’s failure to pay a down payment and additional deposit after plaintiff accepted the purchase offer. The buyer who was represented by an attorney, two or three weeks later, attempted to alter the terms of the original agreement. After some delay and hesitation, the plaintiff pressed his agent to find another buyer, and, in fact, it was plaintiff who had the initial contact with Bohlen and referred him to his agent. Prior to Bohlen and plaintiff actually entering into a contract, there was a discussion between them as to the legality and propriety of this second instrument. Defendant indicated that he felt that the first contract was invalid because of the failure in consideration and reported to both, Bohlen and plaintiff, that his attorney also felt that the first contract was invalid for this reason. It is clear to this court that the plaintiff acted upon the advice of defendant’s attorney when he entered into the second agreement of sale with Bohlen.
It is plaintiff’s contention that he acted upon the advice of his agent, and, that in acting in reliance upon this advice, he was thereby damaged. The facts in this case indicate otherwise. Even if we were to assume that he did so, any such advice would have been beyond the scope of the duty of care and skill by which defendant was bound or obligated to his principal. No real estate broker can be bound by duties or responsibilities beyond those expressed or implied by his contract of employment. (12 Am Jur 2d, Brokers, § 96.) In acting upon the advice of defendant’s attorney, he did so at his own peril. He failed to seek advice as to his rights, if any, of enforcing the original agreement nor did he take any steps to obtain counsel to attempt to negotiate the impasse on the first agreement. Plaintiff accepted the legal advice dispensed by his broker’s attorney when he knew, or should have known, that entering into a second contract could be fraught with danger. Plaintiff’s conduct, under the circumstances of which he was aware, was not only unreasonable but reckless. His strong desire to sell his property and to sell it quickly, deflected him from the responsibility which he should have perceived to be his, and that is, to obtain legal counsel and advice before entering into, a contract with Bohlen. By *560 failing to so act, plaintiff’s conduct was a substantial factor which contributed to his resultant damages. All other allegations of negligence raised by plaintiff, i.e., failure to obtain releases; failure to notify Lange of a repudiation; failure to include a contingency in the second contract, were beyond the scope of defendant’s duties under the facts of this case.
Plaintiff’s second cause of action is dismissed for failure of proof by a preponderance of the credible evidence.
The court finds that the full dollar amount of damages sustained by the plaintiff is $4,668.
The court assesses the negligence of defendant to be 50% and the negligence of plaintiff to be 50%. The plaintiff is granted judgment against the defendant in the sum of $2,334 together with interest, costs and disbursements.