OPINION OF THE COURT
Lawrence E. Kahn, J.
Defendant seeks an order dismissing the complaint pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action.. The complaint seeks money damages for the wrongful death of Stephen J. Brightly, IV, who was killed in a one-car motor vehicle accident on August 12, 1980. The complaint asserts that at the time of the accident, the decedent was the driver of a 1961 Chevrolet pickup truck owned by defendant. It further asserts that defendant lost control of the vehicle, and in the ensuing accident, was ejected from the vehicle, thereby suffering injuries which ultimately led to his demise. Liability is sought to be imposed upon the defendant for a breach of the duty to equip the truck with seat belts and restraining devices mandated by section 383 of the Vehicle and Traffic Law.
Plaintiff asserts that the statute requires that all vehicles be equipped with seat belts regardless of the year of manufacture. In support of his proposition he cites McMahon v Butler (73 AD2d 197). Defendant maintains that the applicable statute imposes no duty upon him to equip his *855 1961 vehicle with seat belts, and thus, the complaint must be dismissed for failure to state a cause of action.
At issue in McMahon (supra, p 199) was “whether there was such a duty on the part of Vollack to have his vehicle equipped with seat belts pursuant to section 383 of the Vehicle and Traffic Law”. In resolving this issue, the court found that the statute had been amended by the Legislature in 1968, and concluded that the amendment imposed a duty upon the owner to equip the vehicle with seat belts. However, it is critical that the vehicle in McMahon was a 1965 automobile which was within the purview of the model years covered by the statute. In. the case at bar, the 1961 vehicle is not included within those required by section 383 of the Vehicle and Traffic Law to be equipped with seat belts or anchorage assemblies. Thus, there is no statutory duty imposed upon the defendant to equip this vehicle with seat belts. The Appellate Division has clearly and unequivocally held that a duty is imposed upon owners of vehicles enumerated within the statute. However, the holding was not expanded to include vehicles beyond the realm of the statute.
Defendant’s motion for an order dismissing the complaint pursuant to CPLR 3211 (subd [a], par 7) for failure to state á cause of action, shall be granted.