■ RICHARD M. REDMOND, JR., an Infant, by His Father and Natural Guardian, RICHARD M. REDMOND, et al., Appellants, v THOMAS LOMANTO et al., Defendants, and TOWN OF BROOKHAVEN, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), entered June 26, 1987, which granted the motion of the defendant Town of Brookhaven for summary judgment and dismissed the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

The infant plaintiff sustained serious physical injuries when the bicycle on which he was riding collided with an automobile at the intersection of the two streets down which the two vehicles were respectively traveling. The plaintiffs subsequently commenced the instant action, *inter alia,* against the defendant town on the ground that its failure to trim trees at the intersection at issue caused the motorists to have an obstructed view of the street down which the infant plaintiff was traveling, thereby contributing to the accident's occurrence. Not until 2½ years after the accident occurred did the

plaintiffs assert (in an affirmation in opposition to the respondent's motion for summary judgment) that the town was negligent also in its failure to replace an allegedly missing stop sign at the intersection. The Supreme Court granted the respondent's motion for summary judgment on the grounds that a town statute requiring prior written notice, *inter alia,* of obstructed roadways was not met and that the allegation of a missing stop sign was not pleaded in the plaintiffs' complaint.

Under Town of Brookhaven Code chapter 84, "[n]o civil action shall be commenced against the Town of Brookhaven for damages or injuries to persons or property sustained by reason of the defective * * * or obstructed condition of any highway * * * unless previous to the occurrence resulting in such damages or injuries, written notice of such defective * * * or obstructed condition * * * was actually given to the Town Clerk". The record reveals that no such notice was given. Although Town Law § 65-a includes a provision that the notice requirement may be satisfied by way of constructive notice, the record does not indicate that the town ever had constructive notice of the obstructed condition. Although Town of Brookhaven Code § 49.1 requires the town to keep trees trimmed and free from becoming overgrown, trees on those properties used as one-family or two-family residences are excepted from the provision. Thus, because the allegedly obstructing tree was situated on property improved with a one-family residence, the town was under no obligation to trim it. Lastly, the plaintiffs' argument that the town was negligent in its failure to replace a missing stop sign fails because it was not pleaded or asserted until more than 2½ years after the accident occurred. Mangano, J. P., Bracken, Harwood and Balletta, JJ., concur.