■ MARJORIE A. GRIFFITHS, Appellant, v KENNETH LINDEMANN, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Hillary, J.), entered February 4, 1988, which, upon a jury verdict, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff sustained injuries after falling in the defendant's backyard. The sole theory contained in the complaint was that after she began to fall and "[i]n an attempt to protect herself as she was falling, [she] placed her right hand down and severely cut her wrist on [a] sheet metal strip". She alleged that the resulting injuries were caused solely by the "negligence of the defendant in maintaining said dangerous and unguarded condition". In her bill of particulars, the plaintiff alleged that the "[d]efendant was negligent in maintaining a dangerous and unguarded condition: to wit a sharp sheet metal strip * * * separating the defendant's walkway and garden". No other theory of liability was contained in any of the pleadings. At the beginning of the trial, the plaintiff attempted to introduce a new theory of liability—that the fall was caused by an uneven walkway surface—and she made a motion to conform the pleadings to the proof. The trial court denied the motion. We find that the court did not improvidently exercise its discretion in denying this "change of theory" amendment in the course of the opening statement.

It is well established that a court shall freely grant a party leave to amend his pleadings upon terms as may be just *(see, Fulford v Baker Perkins, Inc.,* 100 AD2d 861). Moreover,

absent some articulable prejudice to the nonmoving party, amendments to the pleadings are to be freely given (CPLR 3025 [b]). At bar, the plaintiff's attempt to vary the theory of liability, based as it was upon new factual assertions, would have prejudiced the defendant. Instead of the originally pleaded theory in regard to the placement of the sheet metal which caused the injuries, the amendment would have permitted testimony regarding the alleged negligence of the design of the concrete walkway. Accordingly, the trial court cannot be said to have improvidently exercised its discretion in denying the application *(cf., Becker v City of New York,* 106 AD2d 595).

We find the remainder of the plaintiff's contentions to be without merit. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.