■ Lois Ramsey, Appellant, v David E. Owens et al., Respondents.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered March 6, 1989 in St. Lawrence County, upon a verdict rendered in favor of defendants.

Plaintiff was involved in an automobile accident in the Village of Potsdam, St. Lawrence County, on August 30, 1985. In her complaint against the driver and owner of the other automobile, she alleged that she suffered a serious injury in accordance with Insurance Law § 5102 (d). In her subsequent bill of particulars, she specified that a serious injury occurred in several ways but did not specify that she suffered "a medically determined injury or impairment of a non-permanent nature [preventing her] from performing substantially all of the material acts which constitute [her] usual and customary daily activities for" at least 90 of the 180 days after the accident (Insurance Law § 5102 [d]). Following testimony at the trial of her complaint, plaintiff moved to amend the pleadings to conform to the proof, which she contended proved that her injuries satisfied the nonpermanent definition of serious injury. Defendants opposed the motion, which Supreme Court denied. The jury found no cause of action. From the judgment entered on the jury's determination, plaintiff appeals.

Plaintiff's sole contention on appeal is that Supreme Court erred in denying her motion to amend the pleadings to conform them to the evidence. Although CPLR 3025 (c) permits a court to grant such a motion, a trial court has great discretion in this matter *(see, e.g., Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959). Furthermore, this motion should be made promptly after discovery or awareness of the facts upon which it is based *(see, e.g., Olden v Bolton,* 137 AD2d 878, 879). Here, it is apparent that plaintiff was aware of the facts giving rise to the motion long before trial yet failed to move until after the proof at trial. In such case, we have no hesitancy in affirming Supreme Court's denial of plaintiff's motion *(see, Mente v Wenzel,* 158 AD2d 775).

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.