■ In the Matter of MICHAEL NEWELL, Doing Business as ROUTE 9 AUTO SALES, Respondent, v TOWN OF CLIFTON PARK, DEPARTMENT OF BUILDING & DEVELOPMENT, et al., Appellants. —Weiss, J. Appeal from that part of a judgment of the Supreme Court (Brown, J.), entered February 16, 1990 in Saratoga County, which, in a proceeding pursuant to CPLR article 78, dismissed respondents' counterclaims.

On September 18, 1989, petitioner purchased from Robert Daly 2.2 acres of land located in a light industrial zone at the intersection of Ushers Road and State Route 9 in the Town of Clifton Park, Saratoga County. Daly had been issued a certificate of occupancy on September 10, 1986 and thereafter lawfully operated a business for the sale of automotive parts at wholesale and retail and the repair of automobiles on the premises. When petitioner asked respondents to see the documents on file prior to the purchase, he was advised that no site plan existed. After taking title, petitioner had debris, weeds, trees and dead trees removed and part of the land graded with fill for use as a parking area. Two freestanding poles for electric lighting fixtures were erected. Respondents issued two stop work orders and appearance tickets upon petitioner's failure to comply with those orders. On December 6, 1989, the certificate of occupancy previously issued to Daly was revoked and petitioner was directed to vacate the premises. This CPLR article 78 proceeding was commenced seeking to enjoin respondents from revoking the certificate of occupancy. In the answer to the petition, respondents asserted four counterclaims: (1) for an injunction directing that the property be restored to its condition prior to petitioner's purchase, (2) that petitioner be held in contempt in the event of noncompliance with such order for restoration of the property, (3) that petitioner be prohibited from further alteration to the property, and (4) that an injunction issue compelling petitioner to remove the automobile service section of the building. Supreme Court granted the relief sought in the petition and, although the court found that issues of fact existed, it dismissed the counterclaims without explanation. Respondents have appealed only from so much of the judgment as dismissed their counterclaims.

Initially, we note that while Supreme Court found issues of fact to exist, the counterclaims were erroneously dismissed without an explanation, a hearing or other development of the record (see, CPLR 7804 [b]). Because the relief sought in the counterclaims would not be appropriate in a CPLR article 78 proceeding, and because triable issues of fact concededly were

present, the counterclaims should have been severed and removed from the article 78 proceeding *(see,* CPLR 407; *Matter of Reiss v Keator,* 150 AD2d 939, 942; *Matter of Nodine v Board of Trustees,* 44 AD2d 764, 765). The matter should be remitted for resolution without the necessity of recommencing a new action.

Judgment modified, on the law, without costs, by reversing so much thereof as dismissed respondents' counterclaims; counterclaims are severed and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.