(May 6, 1991)

■ SALVATORE ASSANTE et al., Appellants, v CITY OF NEW YORK et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Vinik, J.), dated June 5, 1989, which, upon a jury verdict, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

In April of 1982 the plaintiff Salvatore Assante, a New York City Department of Sanitation worker, sustained injuries when the vehicle he was operating to remove accumulated snow hit an obstruction and came to an abrupt stop, propelling him forward. The only theories of liability contained in the notice of claim and complaint were that Assante was injured because the vehicle "failed to properly stop, not having proper and adequate safety devices", and the failure of the defendant City of New York to maintain a safe road. In the bill of particulars, the plaintiffs alleged that the Department

of Sanitation failed to provide "proper and adequate equipment". No other theories of liability were contained in any of the pleadings. In the midst of the trial in 1988, the plaintiffs attempted to introduce a new theory of liability—that the injuries were caused by a second collision sustained by Assante due to the absence of a seat belt in the vehicle, as set forth in *McMahon v Butler* (73 AD2d 197), and they moved, after the parties rested, to conform the pleadings to the proof. The trial court denied the motion, noting the plaintiffs' prejudicial delay in asserting this theory as a factor in its determination.

The plaintiffs contend on appeal that the Supreme Court abused its discretion in denying their motion to amend the pleadings to conform to the evidence. Although CPLR 3025 (c) permits a court to grant such a motion upon terms as may be just, a trial court has great discretion in this matter *(see, e.g., Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959).* The plaintiffs' attempt to assert a new theory of liability, based as it was upon new factual assertions, would have prejudiced the defendants. Instead of the originally-pleaded theory in regard to the lack of safety features on the vehicle, such as a "tripping mechanism" in order to prevent an abrupt stop, the amendment would have allowed the jury to consider a "second collision" theory based on the alleged absence of seat belts. Accordingly, the trial court cannot be said to have abused or improvidently exercised its discretion in denying the motion, in light of the prejudice which would have accrued to the defendants because they were not afforded adequate notice to prepare to refute the new theory raised for the first time in the midst of trial *(see, Griffiths v Lindemann, 152 AD2d 655, 656; see also, Redmond v Lomanto, 144 AD2d 448, 449).* This motion to amend the pleadings to assert this theory of recovery should have been made promptly after discovery or awareness of the facts upon which it was based *(see, Ramsey v Owens, 159 AD2d 930, 931).*

We find the remainder of the plaintiffs' contentions to be without merit. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.