■ ORLANDO LOPEZ, Appellant, v MACKENZIE ELECTRICAL CONTRACTORS, INC., Defendant and Third-Party Plaintiff-Respondent. APAWAMIS CLUB, Third-Party Defendant-Respondent. [610 NYS2d 55] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered February 28, 1992, which, upon a jury verdict, inter alia, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

The plaintiff alleged that, as a result of the defendant's negligent repair of an electric floor waxer, he sustained serious injuries during the course of his employment with the third-party defendant Apawamis Club while operating the waxer. The plaintiff further alleged that the defendant was negligent in failing to warn or give notice of the defective or dangerous condition of the appliance. We disagree.

To prove a prima facie case of negligence, a plaintiff must establish: (1) the existence of a duty on the part of the defendant to the plaintiff, (2) a breach of that duty, and (3) injury suffered by the plaintiff as a result of the breach (see, Boltax v Joy Day Camp, 67 NY2d 617; Solomon v City of New York, 66 NY2d 1026; Iannelli v Powers, 114 AD2d 157, 161). As an experienced electrical contractor which had performed electrical repair work for Apawamis Club for approximately 20 years, the defendant had a duty to perform work properly and, arguably, to warn the plaintiff of any danger associated with his work (see, Hooper v Anderson, 157 AD2d 939, 940). However, the plaintiff presented no proof that the defendant negligently performed its duties in testing or repairing the waxer. In addition, the defendant had, on many occasions, informed club managers and other employees of Apawamis Club, including the plaintiff and another maintenance person, that the floor waxing machine was very old and that it should no longer be used. Thus, it cannot be said that the defendant failed to warn or give notice of the defective condition of the machine.

The plaintiff also contended that the Supreme Court should have allowed him to elicit evidence at the trial concerning the defendant's failure to recommend repairing the waxer. This new theory of liability, raised for the first time in the midst of the trial, could not reasonably have been anticipated by the defendant, as it differed significantly from the originally-pleaded theory of liability. Given the prejudice which would have accrued to the defendant, because it was not afforded adequate notice to prepare in order to refute this theory of liability, the trial court did not improvidently exercise its discretion in excluding the evidence (see, e.g., Assante v City of New York, 173 AD2d 430, 431; Griffiths v Lindemann, 152 AD2d 655; Matter of Department of Social Servs. v Jay W., 105 AD2d 19, 22-23).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Lawrence, J. P., Joy, Friedmann and Krausman, JJ., concur.