■ In the Matter of CARLSON ASSOCIATES et al., Appellants-Respondents, v THOMAS C. JORLING, as Commissioner of the New York State Department of Environmental Conservation, Respondent-Appellant. [614 NYS2d 20] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Environmental Conservation, dated September 1, 1993, which, after a hearing, *inter alia,* found the petitioners guilty of mining without a permit, assessed a civil penalty of $125,500, and directed them to cease and desist all further mining, (1) the petitioners appeal from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Dunn, J.), dated February 16, 1994, as granted the Commissioner's third counterclaim to permanently enjoin the petitioners from conducting any further mining operations on premises located at 140 Old Northport Road, Kings Park, on the ground that carrying on that activity at the premises constituted a public nuisance, and (2) the Commissioner of the New York State Department of Environmental Conservation cross-appeals from so much of the order and judgment as annulled the Commissioner's determination and denied his first counterclaim pursuant to ECL 71-01307 (1) to enforce that determination and so much of his second counterclaim as sought to enjoin further mining operations without a permit.

Ordered that the order and judgment is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, the determination dated September 1, 1993, is reinstated, the petition is denied, the first counterclaim to enforce the determination is granted, so much of the second counterclaim as sought to enjoin further mining operations without a permit is granted, the third counterclaim to enjoin an alleged public nuisance is severed, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment on the first counterclaim and so much of the second counterclaim as sought to enjoin further mining operations without a permit, and for a trial on

the severed third counterclaim to permanently enjoin an alleged public nuisance.

The petitioners operate a gravel and sand mining business in Kings Park, New York. In 1990, the petitioners received a Notice of Violation from the New York State Department of Environmental Conservation (hereinafter the DEC) alleging that they were mining without a permit in violation of ECL 23-2711 (1). Following a hearing, the respondent, the Commissioner of the DEC, issued an order which, *inter alia*, found the petitioners guilty of mining without a permit, assessed a civil penalty of $125,500, and directed them to cease and desist all further mining.

The petitioners commenced the instant proceeding challenging that determination as arbitrary and capricious. The Commissioner asserted a counterclaim seeking to enforce the order dated September 1, 1993, and thereafter moved for a preliminary injunction. The Supreme Court immediately commenced a hearing and, during the hearing, the court permitted the Commissioner to amend his answer. The amended answer asserted three counterclaims. The first sought enforcement of the September 1, 1993, order, the second sought, *inter alia*, to permanently enjoin the petitioners from mining without a permit, and the third sought a permanent injunction on the ground that the petitioners' mining operation on the property constituted a public nuisance.

At the conclusion of the hearing, the Supreme Court annulled the Commissioner's determination as arbitrary and capricious but granted the Commissioner's third counterclaim to permanently enjoin the petitioners from conducting further mining on certain parcels on the ground that the site was a public nuisance.

With regard to the Commissioner's cross appeal, we find that the Supreme Court erred in annulling the Commissioner's determination as arbitrary and capricious. It is well settled that an agency's interpretation and construction of its own regulations and the legislation under which it functions will be given special deference by the courts if that construction is not irrational or unreasonable *(see, Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of James H. Rambo, Inc. v Jorling,* 177 AD2d 577). The Commissioner's determination that the petitioners were in violation of ECL 23-2711 (1) for each day of the 12-month period in which they were mining without a permit was not irrational. Since the Commissioner's determination was valid, the Commissioner's first counter-

claim, which sought enforcement of the order dated September 1, 1993, and so much of the second counterclaim as sought injunctive relief, should have been granted.

We also find that the court erred by allowing the Commissioner to amend his answer during the hearing to include a counterclaim for injunctive relief based upon a public nuisance. The petitioners were not afforded adequate notice and did not have a sufficient opportunity to prepare a defense to this theory (see, Assante v City of New York, 173 AD2d 430; Griffiths v Lindemann, 152 AD2d 655). Accordingly, the third counterclaim must be severed and the matter remitted to the Supreme Court for the purpose of conducting a trial on this counterclaim (see, CPLR 407; Matter of Newell v Town of Clifton Park, 172 AD2d 928).

We have reviewed the parties' remaining contentions and find them to be without merit. Mangano, P. J., Miller, Santucci and Hart, JJ., concur.