■ In the Matter of JOSEPH NIECKOSKI, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. [627 NYS2d 442] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Environmental Conservation dated April 3, 1991, inter alia, imposing penalties, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Leis, J.), dated December 9, 1992, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, Joseph Nieckoski, owns waterfront property in Bellport. The property is located in a regulated tidal wetland area inventoried on an official map issued by the

respondent, the New York State Department of Environmental Conservation (hereinafter the DEC). In the fall of 1988 and the spring of 1989, the petitioner, without securing a permit from the DEC, rebuilt a bulkhead and two adjacent groins and placed landfill on his property. These actions violated both ECL 15-0505 (1) and 25-0401 (1).

After a hearing before an Administrative Law Judge, the DEC, by its Commissioner, imposed various penalties. Among these were three penalties imposed pursuant to ECL former 71-2503 (1), each totalling $3,000. Each of these three penalties was attributable to each of three times the petitioner had landfill deposited on his property. As determined by the Administrative Law Judge herein, this occurred on May 17, 18, and 20, 1989.

The petitioner asserts that, under ECL former 71-2503 (1), the respondent only had the authority to impose a single penalty in the amount of $3,000. We disagree. ECL former 71-2503 (1) provided, *inter alia,* that any person who violates any provision of ECL article 25 is subject to a civil penalty "not to exceed three thousand dollars for every such violation". The respondent determined that each time the petitioner brought landfill onto his property constituted a separate and distinct violation of ECL article 25 and that the petitioner could therefore be subject to three separate penalties. This determination was neither arbitrary nor irrational and will not be disturbed *(see, Matter of Scott v Department of Envtl. Conservation,* 112 AD2d 726). We similarly reject the petitioner's argument that the respondent did not have the authority to impose two separate penalties under ECL article 25 in connection with the petitioner's repair of the bulkhead. We note, in this regard, the well-settled rule that the construction given statutes and regulations by the agency responsible for their administration and enforcement, if not irrational or unreasonable, should be upheld by the courts *(see, Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Carlson Assocs. v Jorling,* 204 AD2d 540).

Contrary to the the petitioner's contention, the subsequent amendment of ECL 71-2503 does not indicate that the respondent lacked the power to impose multiple penalties for separate and independent violations, even where those violations involved a single project *(see,* L 1989, ch 666, § 3). Rather, the amendment gave the respondent the power to impose daily penalties for a single, continuing violation, a power that was not invoked in the instant case.

Finally, we conclude that the respondent's interpretation of

ECL 15-0505 (1), as it applies to the petitioner's activities, was not irrational *(see, Matter of Howard v Wyman, supra)*. Pizzuto, J. P., Joy, Friedmann and Goldstein, JJ., concur.