In the Matter of TOWN OF CAMILLUS, Respondent-Appellant, v COMMISSIONER OF THE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Appellant-Respondent. [681 NYS2d 903] —Cardona, P. J. Cross appeals from a judgment of the Supreme Court (Kane, J.), entered August 6, 1997 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which, *inter alia*, denied reimbursement for ineligible landfill closure expenses.

Between 1976 and 1986, petitioner operated a sanitary landfill on Belle Isle Road in the Town of Camillus, Onondaga County. In September 1986, petitioner initiated plans for the closure of the landfill and, in 1991, entered into a consent order with respondent regarding such closure. Thereafter, in October 1992, petitioner and respondent entered into a contract pursuant to ECL article 54, title 5, in which respondent agreed to provide financial assistance to petitioner in connection with the closure in accordance with the Landfill Closure State Assistance Program (hereinafter LCSAP). Specifically, based upon estimated closure expenses of $1,467,629, respondent agreed to pay petitioner 50% of eligible expenses not to exceed $733,815 subject to several statutory limitations.

Subsequently, petitioner submitted its reimbursement requests; however, respondent determined that certain expenses were either not eligible for reimbursement or not sufficiently justified. Among those expenses deemed ineligible were those relating to (1) leachate collection, hauling and treatment, (2) construction of an equipment shelter, (3) utility expenses, and (4) intermediate cover. Respondent rejected the first category of expenses on the basis that they constituted "post-closure monitoring and maintenance costs associated with a municipal landfill closure project" ineligible for reimbursement under 6 NYCRR 360-9.6 (b) (4). It deemed the remaining expenses ineligible because they involved operational activities not necessarily related to the closure of the landfill. In addition, respondent determined that the total reimbursement should be reduced by $58,614.38, a sum equivalent to 50% of the revenues generated by tipping fees (amounting to $117,228.37) received by petitioner from accepting construction and demolition material (hereinafter C&D material) into the landfill. Respondent concluded that such revenues constituted "other assistance" under ECL 54-0501 (3).

In February 1997, petitioner commenced this proceeding challenging respondent's denial of reimbursement for certain

expenses it deemed "ineligible" and its reduction in reimbursement based upon petitioner's receipts from tipping fees generated by accepting C&D material into the landfill. Supreme Court dismissed petitioner's claims concerning ineligible expenses, but granted that portion of the petition challenging respondent's reduction in reimbursement. These cross appeals followed.

Turning to respondent's argument that Supreme Court erred in ruling that it improperly reduced the amount of petitioner's reimbursement, respondent contends that such income constitutes "other assistance" within the meaning of ECL 54-0501 (3) and the pertinent regulations which must be subtracted from eligible landfill closure expenses in calculating the proper amount of reimbursement. We find the argument unpersuasive.

Initially, we note that under the LCSAP, the State has agreed to provide financial assistance to municipalities for certain expenses incurred in the closure of landfills provided they constitute "eligible costs" (*see generally*, 6 NYCRR 360-9.6 [a]). Excluded is "any portion of the cost for which Federal or other specific assistance has been or will be received" (6 NYCRR 360-9.6 [b] [10]). Similarly, the statute defines "cost" for purposes of the LCSAP as "the capital cost of a municipal landfill closure project * * * less any federal or other assistance for such project received or to be received" (ECL 54-0501 [3]; *see*, 6 NYCRR 360-9.2 [a] [1]). While acknowledging the deference typically accorded the interpretation of statutes and regulations given by the agency charged with enforcing them (*see, Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 62 NY2d 539, 545), deference is not required here inasmuch as no particular administrative expertise is necessary to ascertain the purely legal meaning of the words "other assistance" (*see, Matter of New York Botanical Garden v Board of Stds. & Appeals*, 91 NY2d 413, 419).

In construing the words, Supreme Court applied the doctrine of *noscitur a sociis* under which " 'the meaning of a doubtful word may be ascertained by reference to the meaning of words associated with it' " (*Matter of Heintz v Brown*, 80 NY2d 998, 1002 [Titone and Hancock, JJ., dissenting], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 239, at 407; *see, Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, supra*, at 545). Given that ECL 54-0501 (3) and the pertinent regulations refer to "other assistance" in the context of aid from sources such as the Federal government, we agree with Supreme Court that it does not encompass revenues received

by a municipality through landfill operations. The fact that petitioner was authorized to dispose of C&D material as a result of the consent order does not alter our conclusion. Therefore, we find no reason to disturb Supreme Court's finding that respondent improperly reduced petitioner's reimbursement.

Petitioner also appeals, contending that respondent improperly disallowed, as eligible expenses, equipment shelter costs and utility expenses incurred in connection with the closure. Respondent concluded that these items were operational expenses not necessarily related to closure of the landfill and, therefore, not reimbursable. In support of its decision, respondent noted that such expenses were not the type for which reimbursement had been requested or granted for other landfill closure projects. Inasmuch as we cannot say that the disallowance of such costs was purely irrational (*see, e.g., Matter of Nieckoski v New York State Dept. of Envtl. Conservation*, 215 AD2d 761, 762-763; *Matter of Colella v New York State Dept. of Envtl. Conservation*, 196 AD2d 162, 167), Supreme Court properly upheld respondent's determination denying reimbursement for these expenses.

Mercure, White, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.