■ SUSAN S. DANZA, Respondent, v STEVEN A. DANZA, Appellant. [727 NYS2d 468] —In an action to impose a constructive trust on certain real property, the defendant appeals from a judgment of the Supreme Court, Queens County (Sherman, J.), entered November 8, 1999, which was in favor of the plaintiff and against him in the principal sum of $60,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

In or about September 1989, the plaintiff commenced the instant action to impose a constructive trust on certain real property owned by the defendant's decedent, Rudolph T. Danza (hereinafter the subject property). Essentially, the plaintiff claimed that she and Danza had held each other out as husband and wife while Danza was alive, and that, although only Danza's name was on the deed, they purchased the subject property as joint tenants with a right of survivorship.

At trial, there was evidence that when he purchased the subject property on April 2, 1985, Danza had withdrawn $29,000 from a joint bank account in his and the plaintiff's name at Manufacturer's Hanover Trust (hereinafter the Manufacturer's account), and that he had used that money as part of the down payment on his purchase of the subject property. The plaintiff testified that when Danza signed the contract for the purchase of the subject property, they had "about $120,000" in that account.

In a decision dated September 29, 1999, following a nonjury trial, the trial court refused to impose a constructive trust on the subject property, but instead awarded the plaintiff the principal sum of $60,000 as her moiety interest in the Manufacturer's account as of April 2, 1985. A judgment to that effect was entered on November 8, 1999. On appeal by the defendant, we reverse the judgment and dismiss the complaint.

In concluding that the plaintiff was entitled to one-half of the amount which was allegedly on deposit in the Manufacturer's account when Danza made the down payment on the subject property, the trial court improperly awarded the plaintiff judgment on a cause of action which she failed to raise in her pleadings or to advance as a theory of recovery at trial, and on which she offered no evidence. The theory of liability, i.e., that Danza had converted her moiety interest in the Manufacturer's account, was raised by the trial court for the first time in its memorandum decision. It differed significantly from the plaintiff's theory of liability. The defendant, who could not have reasonably anticipated that the plaintiff would be awarded judgment on such a theory and who had no opportunity to defend against it, was severely prejudiced by the court's action (*see, Profil Aluminio v Bank of N. Y.,* 249 AD2d 30, 31; *Matter of Carlson Assocs. v Jorling,* 204 AD2d 540, 542; *Lopez v MacKenzie Elec. Contrs.,* 203 AD2d 262, 263; *Assante v City of New York,* 173 AD2d 430; *see also, Lewis v New York City Hous. Auth.,* 237 AD2d 414). Additionally, such a cause of

action was time-barred when the plaintiff commenced this action (*see, Marinelli v Marinelli,* 88 AD2d 635). Friedmann, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.