Grant v AAIJ African Mkt. Corp. (2019 NY Slip Op 01823)





Grant v AAIJ African Mkt. Corp.


2019 NY Slip Op 01823


Decided on March 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2019

Acosta, P.J., Manzanet-Daniels, Kapnick, Kahn, Oing, JJ.


8687 25864/14E

[*1]Alexandria Grant, et al., Plaintiffs-Appellants,
v
AAIJ African Market Corp., Defendant-Respondent, Justin C. Canaday, Defendant.


Steven Adam Rubin & Associates PLLC, New York (Steven Adam Rubin of counsel), for appellants.
Saretsky Katz & Dranoff, L.L.P., New York (Daniel P. Rifkin of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered August 7, 2017, which granted the motion of defendant AAIJ African Market Corp. (AAIJ) for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion denied.
The failure to provide seatbelts in a taxicab is a violation of Vehicle and Traffic Law § 383, and constitutes negligence as a matter of law (see DiMauro v Metropolitan Suburban Bus Auth. , 105 AD2d 236, 246 [2d Dept 1984]; McMahon v Butler, 73 AD2d 197, 199 [3d Dept 1980]). Where an injured party fails to wear an available seatbelt, such failure would go to damages, not liability (see Spier v Barker , 35 NY2d 444, 450 [1974]). That is not the case when the vehicle owner fails to provide seatbelts in the first instance (see DiMauro at 246; McMahon at 199).
Here, the alleged failure to provide seatbelts warranted denial of AAIJ's summary judgment motion. That the vehicle that struck AAIJ's vehicle in the rear did not provide a nonnegligent reason for doing so does not relieve AAIJ of its alleged separate liability, if it is found to be a proximate cause of plaintiffs' injuries.
Furthermore, plaintiffs did not cross-move for summary judgment, and the record does not sufficiently reflect that AAIJ was placed on notice of the need to develop facts on the issue of whether seatbelts were present in the vehicle, and whether they were "clearly visible, accessible, and maintained in good working order" (Vehicle and Traffic Law § 383[4-b]). Accordingly, we decline plaintiffs' request to find AAIJ negligent as a matter of law.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 14, 2019
CLERK